**Consuelo Serna LORUSSO, Appellant,**

v.

**MEMBERS MUTUAL INSURANCE COMPANY et al., Appellees.**

No. 6769.

Court of Civil Appeals of Texas, El Paso.

March 28, 1979.

Rehearing Denied April 18, 1979.

Ben A. Endlich, Bruce J. Ponder, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Stephen B. Tatem, Jr., Johnson & Bowen, Phillip C. Bowen, El Paso, for appellees.

## OPINION

WARD, Justice.

This is a suit to recover the uninsured motorist's benefit from the Plaintiff's insurance carrier as well as a negligent action against the alleged uninsured motorist. The Plaintiff received a take nothing judgment after jury trial. The only question presented is whether the trial Court's allowance of six peremptory challenges to each of the two Defendants constitutes reversible error. We affirm under the record presented.

There is no statement of facts. Consuelo Lorusso sued Armando Valdez, Jr. for damages which she alleged she sustained in an automobile accident, and she joined Members Mutual Insurance Company as the Plaintiff's carrier, alleging that Valdez was an uninsured motorist and that coverage for such a motorist existed under her policy. Members Mutual filed a third party complaint against Valdez to preserve its rights of subrogation against the alleged uninsured motorist, and prayed that, to the extent the Plaintiff might recover judgment under the policy and be paid, it be indemnified and have judgment to that extent over against Valdez.

Plaintiff shows by bill of exception that, before the selection of the jury, she objected to the trial Court extending to each of the Defendants six peremptory challenges as they should only be allowed a total of six peremptory challenges. The Plaintiff claimed that the two Defendants had no conflicting interests, and that they had taken their twelve strikes of the jury together in a common room. The objection was overruled, the Court permitting each Defendant six peremptory challenges. The

Court noted that each Defendant was represented by different attorneys, and that on the basis of the pleadings antagonism existed between them.

Trial proceeded, and the jury found that the Plaintiff was contributorily negligent and that her negligence was 80% responsible for the accident. By the damage issue, the only elements of recovery submitted were physical pain and mental anguish, both in the past and future, and loss of earning capacity. The jury returned a verdict of "None" to the damage issue submitted.

■ The rule governing the granting of peremptory challenges is set forth in *Perkins v. Freeman*, 518 S.W.2d 532 (Tex.1974):

Whether such defendants are parties within the meaning of Rule 233, so as to entitle them to separate peremptory challenges, depends on whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with.

From the transcript and the statements contained in the respective briefs of the parties, we are unable to find where any antagonism existed between the two Defendants in a matter that would concern the jury, since the only issue as presented was a legal one of possible indemnity. The trial court was in error in granting the twelve peremptory challenges.

■ Article 2151a, Tex.Rev.Civ.Stat.Ann. (Supp. 1978–1979), specifically requires a trial court to align the parties and, after the proper alignment, it is then the duty of the court to equalize the number of peremptory challenges as provided for under Rule 233, Tex.R.Civ.P., and the equalizing of the number of peremptory challenges it to be done "in accordance with the ends of justice so that no party is given an unequal advantage . . . ." The granting of a greater number of peremptory challenges to one side places the other at a serious disadvantage. Because of this premise, the rule and statute mean that the doubling of the number of peremptory challenges to one side, or the denial of peremptory challenges to

which a party is entitled, is an action that is calculated to cause a trial to be materially unfair, and to entitle the complaining party to a reversal and remand. *Tamburello v. Welch*, 392 S.W.2d 114 (Tex.1965); *Perkins v. Freeman*, supra; *Council v. Bankers Commercial Life Ins. Co.*, 558 S.W.2d 487 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.). On the basis of these cases, the Plaintiff argues that the action of the trial Court was so materially unfair that she was denied a fair trial without the necessity of showing anything further.

The Defendants argue that the Plaintiff has not shown by the record how she was in any way injured by the jury selection, and that the harmless error rule applies. *Longoria v. Atlantic Gulf Enterprises, Inc.*, 572 S.W.2d 71 at 80 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). Certain language in the *Tamburello* case can be construed to support either argument. We are of the opinion that the final ruling of the court in *Tamburello* was made in a case where the evidence was sharply conflicting.

■ In this case, we have no statement of facts. For all we know, the great weight of the evidence might have compelled a finding that the Plaintiff was contributorily negligent as well as being largely responsible for the accident. As far as we know, the evidence may have conclusively shown that she was not hurt. Under this record, we hold that the harmless rule applies and that the Plaintiff has failed to show that the trial Court's error caused or probably caused the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

The judgment of the trial Court is affirmed.

PRESLAR, Justice, dissenting.

I respectfully dissent, and would reverse the judgment of the trial Court and remand for another trial. I agree with the majority that the trial Court was in error in granting the twelve peremptory challenges, but I would not determine this case on the basis of the harmless error rule. Rather, the question is whether the trial Court acted correctly based on information which was

presented to the trial Court prior to the time of ruling on the number of peremptory challenges.

The majority goes on the basis that without a statement of facts the Plaintiff has, under the harmless error rule, failed to show that the trial Court's error caused or probably caused the rendition of an improper judgment. I do not believe that a statement of facts has anything to do with the decision; this is certainly true since the enactment of Article 2151a, Tex.Rev.Civ. Stat.Ann. (Supp. 1978–1979), and its interpretation by the Supreme Court in *Perkins v. Freeman*, supra. I do not read *Tamburello v. Welch* as justifying the position of the majority; even so, it was decided prior to the enactment of Article 2151a. That Article provides:

> After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party.

In construing that Article, the Supreme Court said:

> The statute specifically requires the trial court to align the parties. After a proper alignment of parties it is 'the duty of the court to equalize the number of peremptory challenges' as provided for under Rule 233. This equalizing of the number of peremptory challenges is to be done 'in accordance with the ends of justice so that no party is given an unequal advantage.' The alignment of parties is to be made not only on the basis of the pleadings but from a determination of the interests of the parties by information disclosed from pre-trial procedures and which has been specifically called to the attention of the court.

That, says the Supreme Court, is the method by which courts are to determine if the interests of the parties are at least in part antagonistic in a matter that the jury is to be concerned with. The *Perkins* case

was a child custody contest between the divorced husband and wife, and the husband's parents as intervenors. The Supreme Court reviewed the various pleadings filed by the intervening parents and the husband, and concluded that the defendant husband and the intervening parents were united in a common cause of action against the plaintiff wife; they both primarily sought to retain custody of the minor child in the defendant, or in the intervenors in the alternative, and they both sought to prevent custody to be awarded to the plaintiff wife. Based on this finding that the interest of the intervenors and the defendant was clearly not antagonistic on the issues submitted to the jury, the court held that the award to the defendant and intervenors of double the amount of peremptory challenges is calculated to cause the trial to be materially unfair, and was reversible error.

The writer's understanding of the rule of *Perkins v. Freeman* is set out by the Dallas Court of Civil Appeals in *Lipshy v. Lipshy*, 525 S.W.2d 222 (1975, writ dism'd). That court said:

> The Supreme Court in *Perkins*, supra, pointed out that the existence of this antagonism is to be resolved not only on the basis of the pleadings of the parties but also from a determination of the interest of the parties from information which has been called to the attention of the trial court during pretrial procedures. The question of antagonism must be resolved in the light of the information which was presented to the trial court prior to the time of the exercise of the peremptory challenges and not by circumstances or events which may have transpired following that occasion. *City of Amarillo v. Reid*, 510 S.W.2d 624, 629 (Tex.Civ.App.—Amarillo 1974, writ ref'd); accord, *Perkins v. Freeman*, 518 S.W.2d 532, 533 (Tex.1974).

*Amarillo v. Reid* is often cited for the rule that the question before us is not to be decided by hindsight. Justice Barrow, speaking for the San Antonio Court of Civil Appeals in *Roy L. Martin & Associates,*

*Limited v. Renfro*, 483 S.W.2d 845 (1972, writ ref'd n. r. e.), said:

> Nevertheless, it is settled law that this question is not one to be determined by hindsight, but rather by an examination of the record as of the time that the trial court granted each of the defendants six separate peremptory challenges. *M. L. Mayfield Petroleum Corp. v. Kelly*, 450 S.W.2d 104 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.); *Brown & Root, Inc. v. Gragg*, 444 S.W.2d 656 [Tex.Civ.App.—Houston (1st Dist.) 1969, writ ref'd n. r. e.].

I recognize hindsight as a valuable tool of appellate courts, but it is no aid to the trial court in ruling on the number of peremptory challenges to allow, and the evidence submitted later in the trial does not aid the litigant trying to either urge or oppose peremptory challenges at the pre-trial stage.

In the case before us, the record reflects that there was no antagonism in a matter to be decided by the jury between the two defendants. Appellant, the insured, was suing the Appellee Valdez for negligence and causing her injuries. Jury issues would be the negligence of Valdez and proximate causation and resulting damages. She also sued her insurer, alleging that Valdez was an uninsured motorist. Jury issues there would be Valdez' negligence and related issues and whether Valdez was uninsured. The insurer filed a third party complaint against Valdez, and that indemnity claim would present no jury issues. Thus, we have jury issues surrounding the negligence of Valdez and the issue of whether or not he was an uninsured motorist. The positions of Valdez and the insurer were not antagonistic; to the contrary, they stood together on the issue of his negligence. If any of the issues surrounding his negligence are found favorable to him, both are winners. Appellant also called to the trial Court's attention the fact that counsel for Valdez made no appearance at deposition takings but left the matter entirely to the insurer.

For the reasons stated, I would reverse the judgment of the trial Court on the basis stated.