

# NUMBER 13-18-00243-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

YVETTE HERNANDEZ,                                                    Appellant,

v.

FIRST BANK D/B/A
FIRST BANK MORTGAGE,
ITS SUCCESSORS AND ASSIGNS,                          Appellees.

On appeal from the County Court
of Willacy County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Yvette Hernandez appeals from a final judgment rendered in favor of

appellees First Bank d/b/a First Bank Mortgage, its Successors and Assigns, on its

forcible detainer claim.   By two issues, Hernandez contends the trial court erred by:   (1)

entering a final judgment that did not comply with statutory requirements; and (2) denying her request for a jury trial. We affirm.

## I. BACKGROUND

Hernandez resides at the property commonly known as 8620 Simo Road, Lyford, Texas 78569. First Bank purchased the property at a foreclosure sale and instituted a forceable detainer action against Hernandez in the local justice of the peace court. The justice of the peace entered a judgment in favor of First Bank, and Hernandez filed a notice of appeal to the Willacy County Court.

The Willacy County Clerk sent Hernandez a notice that a $341 filing fee must be paid in order to perfect the appeal. The fee was paid, and an order was issued on March 15, 2018, setting the trial for April 11, 2018.

Before the trial commenced, Hernandez requested a jury in open court. There is no written request for a jury in the clerk's record and the $341 filing fee paid by Hernandez did not include a jury fee. *See* TEX. R. CIV. P. 216. The trial judge denied the request.

After conducting a bench trial, the trial court announced a judgment in favor of First Bank and informed Hernandez that she had ten days to vacate the property or a writ of possession would be issued. The court also set the appeal bond at $3,600.

Nine days after the trial, on April 20, 2018, the court signed a written judgment that awarded First Bank possession of the property and a conditional writ of possession if Hernandez did not vacate the property by April 21, 2018, the tenth day after the trial court rendered judgment in open court. Two days later, on April 23, 2018, First Bank requested that the Willacy County Clerk issue a writ of possession.

2

The next day, on April 24, 2018, Hernandez filed a motion to modify the judgment, urging the trial court to postpone the writ's issuance date until April 30, 2018, the tenth day after the judgment was signed.   *See* TEX. PROP. CODE ANN. § 24.007.   On April 30, 2018, the trial court ordered the writ to be issued the following day, the eleventh day after the judgment was signed, and denied Hernandez's motion as moot.   Although a writ was issued the following day, there is no officer's return in the clerk's record indicating that the writ was executed.

On May 3, 2018, Hernandez filed her notice of appeal to this Court.   On August 17, 2018, this Court notified Hernandez that she had failed to request a reporter's record and arrange for payment of the record.   *See* TEX. R. APP. P. 37.3(c).   The Court instructed Hernandez to cure the defect within ten days and provide proof of compliance or "the Court will consider and decide those issues or points that do not require a reporter's record for a decision."   To date, the Court has no record of Hernandez requesting or paying for a reporter's record.

In its brief to this Court, First Bank states Hernandez "is still currently living on the property."   Hernandez did not claim in her brief that she has been dispossessed of the property, and she did not file a reply brief contesting First Bank's representation that she continues to reside at the property.   *See id.* R. 38.3.

## II.  STANDARD OF REVIEW

When a trial court commits an error of law, the judgment may not be reversed unless the error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals."   *Id.*

3

R. 44.1(a). All errors are subject to the harmless error rule. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (citing *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 819–20 (Tex. 1980)). "The rule recognizes that a litigant is not entitled to a perfect trial for, indeed, few trials are perfect." *Lorusso*, 603 S.W.2d at 819. Thus, the rule "establishes a sound and common sense policy of not reversing a judgment unless the error or errors can be said to have contributed in a substantial way to bring about the adverse judgment." *Id.* at 819–20. It is the complaining party's burden to demonstrate harm on appeal. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) (stating that even if the trial court committed an error, "the complaining party must still show harm on appeal to obtain a reversal." (citing TEX. R. APP. P. 44.1(a))).

"The appellant bears the burden to bring forward an appellate record sufficient to enable us to determine whether the complaints of reversible error are substantiated." *Eagle Fabricators, Inc. v. Rakowitz*, 344 S.W.3d 414, 421 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Uranga v. Tex. Workforce Comm'n*, 319 S.W.3d 787, 791 (Tex. App.—El Paso 2010, no pet.)).

### III. DISCUSSION

#### A. Writ of possession

By her first issue, Hernandez contends the final judgment deprived her of the right to supersede the judgment before the writ of possession issued. Hernandez relies primarily on § 24.007 of the Texas Property Code, which provides that, "A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in the

4

amount set by the county court." TEX. PROP. CODE ANN. § 24.007. In this case, the judgment was rendered in open court and the written judgment was signed nine days later. Hernandez contends the judgment violated § 24.007 because First Bank was awarded a conditional writ of possession ten days from the date the judgment was rendered instead of ten days from "the signing of the judgment." *See id.*

Even if we assume, without deciding, that the final judgment contains an error, we conclude the error was harmless because the writ was not issued until the eleventh day after the judgment was signed. In other words, regardless of the recital in the judgment, Hernandez was afforded ten days to post the $3,600 supersedeas bond before the writ was issued.[1] *See id.* Because Hernandez did not suffer an injury, she failed to demonstrate a reversible error. *See* TEX. R. APP. P. 44.1(a); *Castillo*, 279 S.W.3d at 667. Hernandez's first issue is overruled.

## B.    Jury request

By her second issue, Hernandez argues the trial court erred by denying her request for a jury trial. We review a trial court's denial of a jury request for abuse of discretion. *See General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). A trial court abuses its discretion if its actions were arbitrary and unreasonable or if it acted without reference to any guiding rules or principles. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). We defer to the trial court's factual determinations and only determine if the trial court correctly applied the

---

[1] Moreover, First Bank contends, and Hernandez does not dispute, that the writ of possession was never executed; to this day, Hernandez continues to reside at the property.

law to the facts in reaching its legal conclusion. *Garza v. Attorney General*, 166 S.W.3d 799, 808 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 633–34 (Tex. 2000)). Under this standard, the appellant must establish that the trial court failed to make the only reasonable decision. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

Texas Rule of Civil Procedure 216 provides:

No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

TEX. R. CIV. P. 216.

This rule operates in conjunction with Rule 245. In a contested case, the parties are entitled to receive notice of a first trial setting not less than forty-five days in advance. *Id.* R. 245. Thus, notice under Rule 245 triggers a party's obligations to timely file a written jury request and pay the fee. *Id.* R. 216. In this contested case, the trial court notified the parties on March 15, 2018, that the trial had been set for April 11, 2018, which was less than forty-five days in advance.[2] When a trial court's untimely notice under

---

[2] Hernandez does not complain on appeal that the trial court's notice was defective under Rule 245; therefore, we will not consider it as an independent basis for reversal. *See* TEX. R. APP. P. 38.1(f), (i). Moreover, the issue is waived if the parties proceed to trial without objecting. *Abend v. Federal Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding party appealing forcible detainer action to county court waived error under Rule 245 by failing to object). There is no indication in the record before us that Hernandez objected.

6

Rule 245 prevents a party from satisfying the thirty-day requirement under Rule 216, a written jury demand made within thirty days of the trial setting will be deemed timely. *In re J.C.*, 108 S.W.3d 914, 916–17 (Tex. App.—Texarkana 2003, no pet.) (citing *Bell Helicopter Textron, Inc. v. Abbot*, 863 S.W.2d 139 (Tex. App.—Texarkana 1993, no pet.)).

In this case, however, Hernandez did not file a written jury demand in the Willacy County Court at any point in time, nor did she pay the filing fee.[3]  But Hernandez's failure to comply with Rule 216 does not necessarily end our inquiry.   Because it "is one of our most precious rights," even where a party does not comply with Rule 216, "a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Gayle*, 951 S.W.2d at 476 (citations omitted).

In this case, despite our clear warning about the consequences, Hernandez failed to request a reporter's record.   The only indication in the appellate record that Hernandez made a jury request are two notations by the judge on the court's docket sheet:   "Request for jury denied on day of trial" and "Attorney for defendants request for a trial by jury denied in open court."   *See* TEX. R. APP. P. 34.5(a)(3) (generally, the clerk's record must

---

[3] The appendix to Hernandez's brief does contain a copy of an answer that includes a jury demand that Hernandez purportedly filed in the justice of the peace court.   *See* TEX. R. APP. P. 38.1(k)(2) ("The appendix may contain any other item pertinent to the issues or points presented for review . . . ."). Hernandez would like us to consider this document as evidence that she satisfied Rule 216's requirements. In essence, she contends that her original jury request in the justice of the peace court carried over to her trial de novo in the Willacy County Court.

We do not reach this question, however, because this item was not included in the clerk's record. It was Hernandez's obligation to ensure that all items necessary to this appeal were included in the clerk's record, *see id.* R. 34.5(b); *Rakowitz*, 344 S.W.3d at 421, and we cannot consider items outside of the appellate record unless they implicate our jurisdiction.   *Arbor E&T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 29–30 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). Accordingly, we will proceed on the record before us, which indicates that Hernandez first asserted her right to a jury trial in Willacy County Court by making a request in open court on the day of trial.

include the court's docket sheet).   Thus, without a reporter's record, we are left to speculate whether the trial court applied *Gayle* correctly.   *See Gayle*, 951 S.W.2d at 476; *Rakowitz*, 344 S.W.3d at 421; *Garza*, 166 S.W.3d at 808.   In short, we cannot determine whether a trial court abused its discretion without a record of how the trial court exercised its discretion.   *See Rakowitz*, 344 S.W.3d at 421.   We overrule Hernandez's second issue.   *See id.*

## IV. CONCLUSION

The judgment of the trial court is affirmed.


GREGORY T. PERKES
Justice

Delivered and filed the
12th day of September, 2019.

8