**Opinion filed September 2, 2021**



## In The

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

## No. 11-18-00327-CV

_____

## JUSTIN D. PERRYMAN, Appellant

## V.

## CITIZENS NATIONAL BANK AT BROWNWOOD, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1611446**

### M E M O R A N D U M   O P I N I O N[1]

Appellant, Justin D. Perryman, together with his business partners, Jim Tillman and Ken Koepke, borrowed more than two million dollars, under two separate promissory notes, from Appellee, Citizens National Bank at Brownwood,

---

[1]The notice of appeal was filed in this case on November 20, 2018.  We abated the appeal on March 29, 2019, because Appellant, a member of the Texas Army National Guard, was mobilized for active-duty service.  The appeal was later reinstated on October 30, 2019.

to fund their company, Texas Oil Investments, LLC.[2]  To secure both notes, Appellant and his partners signed personal guarantees.  Later, Texas Oil Investments defaulted on both notes and Appellee sought to enforce the guarantees against Appellant, Tillman, and Koepke.

After several delays, most of which were either precipitated or requested by Appellant and his partners, this case was eventually tried before a jury.  Neither Tillman nor Koepke appeared in person; however, each was represented by counsel at trial.  Appellant, a licensed attorney, appeared pro se.  The jury rendered a verdict against Appellant and his partners and awarded Appellee $1,934,000 in damages, which represented the outstanding balance of the two promissory notes.  The trial court entered judgment in favor of Appellee pursuant to the jury's verdict, together with attorney fees and court costs, and found that Appellant, Tillman, and Koepke were jointly and severally liable for the adjudged amount.  The trial court also assessed postjudgment interest at the rate of 18% per annum on the awarded damages.

On appeal, appearing pro se, Appellant contends that (1) the trial court erred when it denied a motion to continue the August 6, 2018 jury trial setting—a motion that was raised and filed by Koepke, (2) the trial court erred when it denied Koepke's motion for directed verdict as to the fraud claim that Appellee asserted against Koepke, and (3) the trial court erred when it ordered a postjudgment interest rate of 18% per annum on the awarded damages.  We affirm.

## I. *Factual Background*

Appellant, Tillman, and Koepke formed a company, Texas Oil Investments, LLC, for the purpose of acquiring oil and gas leases in the Brownwood area.  On

---

[2]Perryman is now the sole appellant to this appeal.  Tillman did not file an appeal.  Koepke appealed, but later filed a motion to dismiss his appeal, which we granted.

behalf of the company, Tillman obtained a loan from Appellee for $1,625,000 to pursue the acquisition of leases and the reworking of the leases to increase production. Appellant, Tillman, and Koepke all signed personal guarantees as a condition of the loan. Because the enterprise soon required additional funding, they negotiated a second loan with Appellee for an additional $398,000. Similar to the first loan, they each executed a personal guarantee to secure this loan. Later, Appellant, Tillman, and Koepke defaulted on the notes, and Appellee sought to enforce their personal guarantees. Appellant, Tillman, and Koepke were unable to fulfill their guaranty obligations, and Appellee filed suit. After the jury rendered a verdict in favor of Appellee for $1,934,000, this appeal followed.

## II. *Analysis*

In his first issue, Appellant asserts that the trial court erred when it denied Koepke's motion to continue the jury trial setting; Appellant asserts that this denial violated his right to due process and prejudiced his trial defense. For the reasons discussed below, we conclude that Appellant failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1).

We review the trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). In that regard, we do not substitute our judgment for the trial court's judgment. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Rather, we must determine whether the trial court's discretion was so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to the applicable guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

3

To preserve a complaint for appellate review, Rule 33.1 requires that the complaint must be raised and presented to the trial court by either a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Here, although Koepke filed a motion to continue the August 6, 2018 jury trial setting, Appellant did not. Further, Appellant did not adopt Keopke's motion, despite his contentions to the contrary. Rather, Appellant relies on Koepke's motion as the basis for his complaint on appeal. Koepke filed a motion to continue the August 6, 2018 jury trial setting on the basis that his poor health prevented him from attending the trial in person. On the same date that Koepke's motion was filed, Appellant filed a motion to continue a summary judgment hearing that the trial court had set for July 19, 2018. In his motion, Appellant noted that he had consulted with Koepke's trial counsel, that he had learned that Koepke had filed a motion to continue the August 6 jury trial date, and that because the parties were already set to appear for a pretrial hearing on July 31, he proposed that the summary judgment hearing be continued and reset for July 31. Importantly, and despite his knowledge of Koepke's circumstances and the basis for Koepke's independent request for a continuance of the trial setting, Appellant, in his motion, did not request a continuance of the August 6 jury trial setting.

Appellant's argument is, in substance, that because he merely referred to Koepke's motion to continue the jury trial setting in his separate motion to continue a related summary judgment hearing, he impliedly adopted Koepke's motion, and its basis, and was therefore prejudiced when the trial court denied Koepke's motion. In his motion, Appellant specifically requested that the trial court grant the continuance of the summary judgment hearing and reset the hearing for July 31, "in the event that the August 6th trial setting is continued by the court." This request for relief by Appellant is not tantamount to an adoption of Koepke's motion. Unquestionably, Appellant neither adopted Koepke's motion to continue the jury

trial setting nor filed such a motion on his own behalf. Consequently, Appellant failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a)(1).

Further, even if Appellant had properly adopted Koepke's motion, the motion failed to conform with the requirements of Texas Rules of Civil Procedure 251 and 252, which govern the submission of applications for a continuance. *See* Tex. R. Civ. P. 251, 252. Among other things, Rule 251 requires that an application for a continuance must be supported by an affidavit showing sufficient cause. Tex. R. Civ. P. 251. Rule 252 requires that the party applying for a continuance must, if the ground for continuing the trial is the want of testimony, "make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known." Tex. R. Civ. P. 252. If the ground for requesting a continuance is the absence of a witness, the party applying for the continuance "shall state the name and residence of the witness, and what he expects to prove by him." *Id.* Koepke did not attach an affidavit of any kind to his motion. Moreover, because the "want of testimony" was the reason for Koepke's continuance request, he failed to recite in his motion and attach the necessary proof to support the basis for his request and his compliance with the requirements of Rule 252. Thus, even if Appellant had in fact adopted Koepke's motion, the motion was materially deficient; therefore, it was not error for the trial court to deny it. *See, e.g.*, *Villegas*, 711 S.W.2d at 626 (it is presumed the trial court did not abuse its discretion in denying a motion for continuance that failed to meet the affidavit requirement of Rule 251).

As we have said, to preserve the complaint that he now raises in his first issue, Appellant was required to raise and present his complaint to the trial court through a timely request, objection, or motion. Because Appellant failed to utilize any of these options, the issue is not properly before us. Therefore, Appellant failed to

preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1). Accordingly, we overrule his first issue on appeal.

In his second issue, Appellant contends that the trial court erred when it denied Koepke's motion for directed verdict as to the fraud claim that Appellee asserted against Koepke; Appellant asserts that this denial also prejudiced his trial defense.

When a trial court's denial of a motion for directed verdict is based on the evidence, we apply a legal sufficiency or "no evidence" standard of review. *See Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 498–99 (Tex. App.—Dallas 2014, no pet.). In a jury trial setting, a legal sufficiency or no-evidence challenge may be preserved if raised by any of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)). Here, Appellant preserved this issue for our review when he asserted it in a joint motion for new trial.

The trial court denied Koepke's motion for directed verdict on the fraud claim asserted by Appellee; however, the fraud claim was submitted to the jury in the trial court's charge. In response to the special question as to whether Koepke committed fraud against Appellee, the jury answered "NO." Because Koepke prevailed on the fraud issue that had been asserted against him by Appellee, neither Koepke nor Appellant were harmed or prejudiced by the trial court's denial of Koepke's motion for directed verdict as to that claim. *See* TEX. R. APP. P. 44.1(a) (error is reversible only if it probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (citing *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 819–20 (Tex. 1980)) (holding that the

harmless error rule applies to all errors); *see also Flying J, Inc. v. Meda, Inc.*, 373 S.W.3d 680, 689–90 (Tex. App.—San Antonio 2012, no pet.) (concluding that the trial court's error in rendering a directed verdict was harmless because the jury's findings on other issues precluded recovery). Thus, assuming, without deciding, that the trial court erred when it denied Koepke's motion for directed verdict, any such error would not be reversible in light of the jury's finding in favor of Koepke on Appellee's asserted fraud claim. Accordingly, we overrule Appellant's second issue.

Finally, in his third issue, Appellant asserts that the trial court abused its discretion when it ordered "excessive" postjudgment interest on the jury's damage award. We disagree.

The Texas Finance Code states that, if a contract provides for interest, the postjudgment interest rate for a judgment on that contract is either the rate specified in the contract or 18% per year, whichever is less. TEX. FIN. CODE ANN. § 304.002 (West 2016). Appellant contends that the loan contract between Appellant and Appellee did not specify an interest rate and, therefore, the controlling provision of the Finance Code is Section 304.003 rather than Section 304.002. Section 304.003 provides that for any money judgment to which Section 304.002 does not apply the postjudgment interest rate is determined by the consumer credit commissioner. *Id.* § 304.003. The Judgment Rate set by the commissioner at the time the trial court signed the final judgment in this case was 5%.[3]

Appellant signed a personal guarantee on two separate notes. He claims that the jury's findings made no mention of enforcement of the terms and conditions of any "ancillary document or the guaranty" signed by Appellant. According to

---

[3]The trial court entered judgment on August 23, 2018. At that time, the Judgment Rate was 5%. *See* OFFICE OF THE CONSUMER CREDIT COMM'R, ARCHIVED CREDIT LETTERS - 2018, *available at* https://occc.texas.gov/sites/default/files/uploads/credit-letters/08-21-18.pdf.

Appellant, the only contracts which are the subject of this suit are the personal guarantees that he signed for the two notes. He also asserts that these guaranty agreements are silent as to postjudgment interest rates and that, if Appellee had intended to specify an interest rate, it should have included such language in each agreement. Although each guaranty agreement explicitly references the note it secures, and each note specifies an interest rate—24% and "the maximum permitted by law," respectively—Appellant claims that the notes are "ancillary" documents and that "there was never any evidence presented or argued that the Defendants ever breached [those] ancillary document[s]."

In support of his contentions, Appellant cites *Hooks v. Samson Lonestar, L.P.*, a suit involving postjudgment interest rates that applied to past-due royalties and other debts. *See* 457 S.W.3d 52, 69 (Tex. 2015). In *Hooks*, the oil and gas leases in dispute imposed the "maximum [interest] rate allowed by law" for past-due royalties, which entitled the petitioners to impose the 18% interest rate provided for by Section 304.002. *Id.* Nevertheless, the court also held that, as to other monetary recovery in the case, the petitioners were only entitled to the statutory rate of 5% on the monetary award, as determined by the consumer credit commissioner under Section 304.003, because the leases did not specify an interest rate that would be applicable to the non-royalty recoveries. *Id.*

Unfortunately for Appellant, *Hooks* undermines, rather than supports, his argument. Unlike *Hooks*, wherein the 5% statutory interest rate was applied to non-royalty recoveries because the leases had specified a rate only for past-due royalties, here, each note secured by the personal guarantees specified the rate at which interest would accrue for any past-due amounts. In this case, the personal guarantees explicitly referenced the notes which they secured and provided that the guarantor would pay "all sums due" on the notes. The notes provided interest rates for past-due payments—24% and "the maximum permitted by law," respectively. Because

the jury found that Appellant and his partners had failed to comply with their personal guaranty agreements and that there was a balance due and owing on the promissory notes, the interest rates specified in each note were then triggered for the unpaid and past-due note amounts that were due Appellee. Therefore, the trial court properly ordered a postjudgment interest rate pursuant to Section 304.002.

The trial court did not err when it ordered a postjudgment interest rate of 18% on the damages awarded to Appellee. Accordingly, we overrule Appellant's third issue.

## III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


September 2, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

9