**CARNATION COMPANY and Ben Johnson, Petitioners,**

v.

**King Son WONG and wife, Bobbie Joan Wong, Respondents.**

No. B–4682.

Supreme Court of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 30, 1974.

---

Fulbright & Crooker, Thomas O. Sartwelle and Russell H. McMains, Houston, for petitioner.

Homer T. Bouldin, Houston, for respondent.

PER CURIAM.

This is a personal injury case involving the failure of plaintiffs, King Son Wong and wife, Bobbie Joan Wong, to wear available seat belts when the automobile they were driving was involved in a collision caused by the negligence of co-defendant Ben Johnson, who at the time was driving a truck for co-defendant Carnation Company. The Wongs suffered injuries from the accident; and in response to special issues, the jury found their failure to wear available seat belts was negligence and the proximate cause of their injuries —50% of the injuries in the husband's case and 70% in the wife's. The trial court entered judgment for the Wongs, but reduced the amount of damages found by the jury by the above percentages. The Court of Civil Appeals reversed the trial court and rendered judgment for the Wongs for their full damages. 509 S.W.2d 385.

We approve the judgment of the Court of Civil Appeals. The application for writ of error is not "refused" because, in our judgment, the opinion of the Court of Civil Appeals interprets our opinion in Kerby v. Abilene Christian College, 503 S.W.2d 526 (Tex.1973), as going further than it did go. This Court, in that opinion, reserved the question of a duty to wear available seat belts.

We have reviewed the cases in other jurisdictions where the "seat belt defense" has been approved in some fashion under various legal theories. We reject those cases barring completely plaintiff's recovery based on contributory negligence; our courts have not followed such an approach. Kerby v. Abilene Christian College, 503 S.W.2d 526 (Tex.1973); Red Top Taxi Co. v. Snow, 452 S.W.2d 772 (Tex.Civ.App.—Corpus Christi 1970, no writ); Sonnier v. Ramsey, 424 S.W.2d 684 (Tex.Civ.App.—Houston (1st) 1968, writ ref'd n. r. e.). Likewise, our courts have held that driving without using available seat belts is not actionable negligence. Quinius v. Estrada,

448 S.W.2d 552 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.).

Numerous cases have been decided in other jurisdictions where the question of failure to wear available seat belts has been considered under a theory of mitigation of damages or apportionment of damages. However, we can find no reported appellate decision where a court has actually relied upon either of these two theories to uphold definitively a trial court's reduction of plaintiff's recovery from defendant based on the plaintiff's failure to wear available seat belts. Henderson v. United States, 429 F.2d 588 (10th Cir. 1970); Harlan v. Curbo, 250 Ark. 610, 466 S.W.2d 459 (1971); Horn v. General Motors Corp., 34 Cal.App.3d 773, 110 Cal.Rptr. 410 (1973); Truman v. Vargas, 275 Cal. App.2d 976, 80 Cal.Rptr. 373 (1969); Kavanagh v. Butorac, 221 N.E.2d 824 (Ind.App. 1966); Josel v. Rassi, 7 Ill.App.3d 1091, 288 N.E.2d 677 (1972); Heiser v. Chastain, 6 Ill.App.3d 552, 285 N.E.2d 601 (1972); Hale v. Cravens, 129 Ill.App.2d 466, 263 N.E.2d 593 (1970); Hulsebus v. Russian, 118 Ill.App.2d 174, 254 N.E.2d 184 (1969); and Mount v. McClellan, 91 Ill.App.2d 1, 234 N.E.2d 329 (1968) (seat belt issue not submitted to jury).

In other decisions too numerous to recite, our courts and others have refused to allow a reduction in plaintiff's recovery because there was no evidence to prove that had plaintiff been wearing seat belts, the injuries suffered would have been less than those actually sustained. Kerby v. Abilene Christian College, 503 S.W.2d 526 (Tex.1973).

We now hold that the judgment of the court of civil appeals is correct because, in our opinion, persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666 (1970); Hansen v. Miller, 93 Ida. 314, 460 P.2d 739 (1969); Hampton v. State Highway Comm'n, 209 Kan. 565, 498 P.2d 236 (1972); Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968); Genger v. Campbell, 256 Ore. 67, 469 P.2d 776 (1970); and Derheim v. Fiorito Co., 80 Wash.2d 161, 492 P.2d 1030 (1972).

The application for writ of error is refused, no reversible error.