COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALL METALS FABRICATING, INC., | § | No. 08-07-00233-CV |
| Appellant, | § | Appeal from the |
| v. | § | 296th Judicial District Court |
| | § | |
| RAMER CONCRETE, INC., | § | of Collin County, Texas |
| Appellee. | § | (TC# 296-00629-07) |
| | § | |

## **O P I N I O N**

All Metals Fabricating, Inc. ("All Metals") brought suit against Foster General Contracting, Inc. ("Foster"), Ramer Concrete, Inc. ("Ramer"), and Alpha Testing, Inc. ("Alpha") for breach of contract, breach of express warranties, and breach of implied warranties in the construction of a building for All Metals. The building, a full service metal fabrication facility, was constructed by Foster pursuant to a written agreement between BEBDT–Realty, Ltd. ("BEBDT") and Foster entitled Standard Form of Agreement Between Owner and Construction Manager (the "original contract"). Foster hired Ramer to handle the dirt work, delivery and installation of low plasticity index select fill, grading, and lime stabilization. Since the building was completed, All Metals has had numerous problems with it. The foundation does not rest on stable soil and as a result has experienced moisture induced heaving/settling. The building as a result had doors that do not operate properly, cracks in the interior and exterior walls, cracks in the flooring and sidewalks, and other defects.

Ramer filed a no-evidence motion for summary judgment, and later a second motion for

summary judgment. In the second motion for summary judgment, Ramer asserted that All Metals did not own the property and did not enter into any contract for the construction or development of the improvements on the property, and as such has no valid claims against any party in this case. Appellant in Plaintiff's Supplemental Response in Opposition to All Motions for Summary Judgment included evidence that it was the assignee of BEBDT Realty, Ltd.'s, the actual owner of the property, claims and causes of action against any individuals, or entities involved in the building's construction. The trial court granted Ramer's second motion for summary judgment and severed the cause of action.

The standard of review for traditional summary judgment is well established. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.* The question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's claim, but whether the summary judgment proof establishes there is no genuine issue of material fact as a matter of law as to one or more elements of the movant's claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970).

When the movant is the defendant and provides summary judgment evidence disproving at least one essential element of the plaintiff's cause of action, summary judgment should be granted. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Likewise,

a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Id.* If this burden is met by the defendant, then the plaintiff must raise a genuine issue of material fact in avoidance of the affirmative defense. *Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 680 (Tex.App.--El Paso 2001, no pet.). Where the trial court's judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed on appeal if any of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

Here, Ramer's grounds for summary judgment were that All Metals did not own the property, did not enter into any contract for the construction or development of the improvements on the property, and as such All Metals has no claims against any party. In response to the motion for summary judgment, All Metals attached an assignment of all claims arising from the construction of the building from BEBDT–Realty Ltd. Ramer, citing *Esco Elevators, Inc. v. Brown Rental Equipment Company, Inc.*, 670 S.W.2d 761, 764 (Tex.App.--Fort Worth 1984, writ ref'd n.r.e.), argues that All Metals was required to plead and prove that it was an assignee. However, despite not having alleged a cause of action, Appellant is not barred from raising the issue for the first time in their summary judgment response. *Franco v. Slavonic Mutual Fire Ins. Ass'n*, 154 S.W.3d 777, 785 n.7 (Tex.App.--Houston [14th Dist.] 2004, no pet.), *citing Womack v. Allstate Ins. Co.*, 156 Tex. 467, 473, 296 S.W.2d 233, 237 (1956) and *Patterson v. First Nat. Bank of Lake Jackson*, 921 S.W.2d 240, 244 (Tex.App.--Houston [14th Dist.] 1996, no writ). The evidence showing that All Metals was assigned the claims of the property owner negated Ramer's summary judgment contentions that All Metals had no claims against any party in the case. Ramer argues that even if All Metals was an assignee of BEBDT, the claims would still

fail as a matter of law because BEBDT was not a party to the subcontract, and therefore, had no contract rights or breach of contract claims to assign anyone. The first paragraph of the subcontract agreement between Foster and Ramer states:

> WHEREAS, Subcontractor agrees to furnish all labor, tools, equipment, supervision, services, materials and supplies necessary to perform, and to perform all work set forth in 'Paragraph 2' hereof, in connection with the construction of ALL METALS FABRICATING, 200 ALLENTOWN, ALLEN, TX (owner), hereinafter called the Owner, in accordance with the terms and provisions of this Subcontract Agreement, and of the Plans, Drawings, Specifications, General Conditions and Special Conditions and other Documents forming or by reference made a part of the Contract between the Contractor and the Owner dated August 4, 1999, all of which shall be considered part of this Subcontract by this reference thereto and the Subcontractor agrees to be bound to the Contractor and the Owner by the terms and provisions thereof.

Ramer argues this first paragraph is a contract recital and not an operative agreement of the contract. All Metals argues that it is not a mere recital but rather operative language.

It is the duty of the Court to consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005). A recital is a formal statement or setting forth of some matter of fact, in any deed or writing, in order to explain the reasons upon which the transaction is founded. *McMahan v. Greenwood*, 108 S.W.3d 467, 484 (Tex.App.--Houston [14th Dist.] 2003, pet. denied). Recitals are generally not part of a contract unless the parties intended them to be, and will not control a contract's operatives clauses unless those clauses are ambiguous. *Gardner v. Smith*, 168 S.W.2d 278, 280 (Tex.Civ.App.--Beaumont 1942, no writ). The recitals may be looked to in determining the proper construction of the contract and the parties intent. *Id*. The paragraph above does not specify or explain the reasons for the transaction, rather it notifies the parties that the contract

between the owner and contractor is a part of the agreement. *EMC Mortgage Corp. v. Davis*, 167 S.W.3d 406, 415 (Tex.App.--Austin 2005, pet. denied). It also notifies the subcontractor that he is bound to the contractor and the owner by the terms and provisions of the contract documents. Even if the first paragraph is considered a recital, it should be reconciled with the operative clauses and given effect, so far as possible. *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 197 (Tex. 1962). The subcontract clearly shows Ramer agreed to be bound to both the contractor and the owner pursuant to the terms of the original contract.

Ramer also asserted All Metals suffered no damages since it was not the owner of the property. BEBDT is the owner, and assigned it's claims to All Metals. The affidavit of William Thrailkill is summary judgment proof that establishes the owner suffered damages, and those claims were assigned to All Metals. As Ramer was contractually obligated to the owner and contractor, Ramer's motion for summary judgment on the breach of express and implied warranties was improperly granted. We sustain Appellant's sole issue.

Ramer raised a cross-point that the assignment document was improperly admitted. Ramer raised Rule 402 of the Texas Rules of Evidence objections stating Plaintiff did not plead assignment, there was no evidence the assignment was made prior to January 2007 when statute of limitations would have barred any claim, and that the original contract prohibited assignment of the contract without consent of both parties. Finally, Ramer argues All Metals failed to produce the document in a proper response to production. The trial court overruled all of Ramer's objections to the evidence.

The decision to admit or exclude evidence is reviewed for abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Rule 402 states that all

relevant evidence is admissible, except as otherwise provided by rule or law, any irrelevant evidence is inadmissible. TEX.R.EVID. 402. Relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Ramer moved for summary judgment on the basis that All Metals was not the owner of the property nor a party to any contract, and had no claims against any party in the suit. All Metals provided the assignment of claims as evidence in response to the motion for summary judgment. The assignment document was relevant to the determination of Ramer's motion for summary judgment in that it was being used to refute the grounds set forth in the motion. The assignment is dated as being made and entered into on June 10, 2004. The terms of the contract prohibits assignment of the contract as a whole. There is nothing in the contract prohibiting the assignment of part of the contract, or that the prohibition applies to claims and causes of action arising out of a breach of the contract. Finally, there is no evidence in the record that All Metals failed to answer any discovery requests by Ramer. The trial court did not abuse its discretion in admitting the evidence provided by All Metals in its supplemental response to Ramer's motions for summary judgment.

Having sustained Appellant's sole issue, we reverse the order granting summary judgment and remand the case to the trial court.


March 12, 2009                          DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.