COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS


 
 
  
  
 ARMANDO LOERA, INDIVIDUALLY
 AND AS REPRESENTATIVE OF THE
 ESTATE OF JOSEFINA LOERA, JOINED BY MORAYMA LOERA,
  
                                    
 Appellants,
  
 v.
  
 JOE FUENTES AND NABORS WELL
 SERVICES LTD.,
  
                                    
 Appellees.
  
 
 
  
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
  '
  
  '
  
  
 
 
  
  
  
  
                   No. 08-11-00182-CV
  
                          Appeal from
  
 394th District
 Court
  
 of Presidio County,
 Texas
  
 (TC # 6968)
 
 


O P I N I O N

 

            This is personal injury case arising
out of injuries sustained in a collision between the Loeras’ pickup truck and a
tractor-trailer driven by Joe Fuentes and owned by Nabors Well Services,
Ltd.  After hearing all the evidence, including
testimony from two experts regarding the Loeras’ failure to wear seat belts,
the jury found Fuentes to be 50% negligent in causing or contributing to cause
the “occurrence or injury,” Nabors 10% negligent, and Morayma Loera, the driver,
40% negligent.  The jury also found that
Morayma and her parents were engaged in a joint business enterprise at the time
of the accident, imputing Morayma’s negligence to Josefina and Armando.  The jury was also asked two questions
regarding the Loeras’ failure to wear seat belts and answered as follows: 

Question No.
4:

 

Was
the non-use of a seat belt by any of the persons named below [Morayma,
Josefina, Armando] negligent and a proximate cause of the injuries, if any?

 

Answer ‘Yes’ or ‘No’:

 

a)         Morayma Loera:  Yes

            

b)         Josefina Loera:  Yes

            

c)         Armando Loera:  Yes.

 

 

Question No. 5:

 

If
you answered ‘Yes’ to Question 4 for any of those named below, then answer the
following question.  Otherwise, do not
answer the following question.  

 

Assign
percentages of responsibility only to those you found caused or contributed to
cause the injury due to non-use of a seat belt.  The percentages you find, if any, are separate
percentages for each individual below.  The
percentage of responsibility attributable to any one person named below
[Morayma, Josefina, Armando] is not necessarily measured by the number of acts
or omissions found.

 

For
each person you found negligently caused or contributed to cause the injury due
to non-use of a seatbelt, find the percentage of responsibility, if any,
attributable to each for such non-use:

            

a)         Morayma Loera: 100%

            

b)         Josefina Loera:  100%

            

c)         Armando Loera:  100%

 

 

            The jury found that the Loeras
suffered approximately $450,000 in damages as a result of the collision.  But based upon the answers to Questions 4 and
5, the trial court entered judgment in favor of the defendants and ordered
Appellants take nothing.  Because we conclude
that evidence of non-use of seat belts was erroneously admitted, we reverse and
remand.




 

FACTUAL BACKGROUND

            On a clear sunny day in October 2006,
Morayma Loera was driving a pickup truck westbound on Highway 67 toward
Marfa.  Her mother was in the front
passenger seat and her father was in the rear passenger seat.  The family was headed from Austin back home
to Presidio, Texas.  

Near the intersection of Highway 67 and a small county road, Morayma came
upon two tractor trailer rigs owned by Nabors. 
The lead truck was driven by Fuentes. 
It was undisputed that both rigs had slowed down significantly and moved
to the right in preparation for the upcoming left hand turn.  However, the parties disagreed as to whether
Fuentes had pulled over as far as he could within the lane or if he had moved
outside of the lane and pulled on to the paved shoulder.  Each side presented their own accident
reconstruction expert.  The two experts
relied on substantially the same data and reached many of the same conclusions.
 Regardless of the specific location of
the tractor trailers on the roadway, Morayma attempted to pass both trucks.  Instead, as she was passing the rear truck,
the lead rig turned left, directly blocking her path across the highway.  Morayma hit her brakes and swerved left in an
attempt to avoid hitting the tractor trailer but she was unsuccessful.  The pickup truck and the tractor trailer
collided.  At the time of the accident,
Morayma was traveling approximately 70 miles per hour and the tractor trailer
was traveling somewhere between 5 and 8 miles per hour.[1]  All three of the Loeras suffered injuries
from the collision.  

            Josefina and Armando filed suit against
Fuentes and Nabors alleging various claims of negligence and vicarious
liability.  Morayma asserted claims
against her parents, but those claims were settled during the course of
litigation.  Morayma also filed suit against
Fuentes for negligence and against Nabors under the theory of respondent
superior.  

            The Loeras bring four issues for
review.  Issue One addresses charge
error.  Issue Two challenges the
sufficiency of the evidence to support the jury’s finding that the Loeras were
engaged in a joint enterprise.  Issue
Four complains that the trial court erred in admitting expert testimony
pursuant to Texas Rule of Evidence 702. 
We need not address these issues as Issue Three is dispositive.  We hold that the trial court erred in allowing
testimony regarding the non-use of seat belts. 

NON-USE OF SEATBELTS

Standard
of Review

            A trial court’s decision to admit or
exclude evidence is generally reviewed for an abuse of discretion.  All
Metals Fabricating, Inc. v. Ramer Concrete, Inc., 338 S.W.3d 557, 561
(Tex.App.--El Paso 2009, no pet.).  Even
if error occurs, the case will not be reversed unless the error probably caused
the rendition of an improper judgment.  See Tex.R.App.P.
44.1; Owens-Corning Fiberglass
Corporation v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).

            The standard of review for a pure
legal question is de novo, and a
reviewing court must determine if the trial court acted without reference to
any guiding rules or principles.  Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).  When conducting a de novo review, an appellate court
exercises its own judgment and redetermines each issue of fact and law.  Quick
v. City of Austin, 7 S.W.3d 109 (Tex. 1998).  In so doing, we accord no deference to the
trial court.  See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996).

The “Seat
Belt Defense” in Texas

            Prior
to repeal in 2003, Texas Transportation Code Sections 545.413(g) and 545.412(d)
provided a statutory bar to the admissibility of evidence regarding seat belt
non-usage.[2]  However, long before these provisions (and
their predecessors) were enacted, it was well established in Texas
jurisprudence that such evidence did not constitute contributory negligence,
nor was it properly considered as a means to mitigate damages.  See Carnation
Co. v. Wong, 516 S.W.2d 116, 117 (Tex. 1974); Kerby v. Abilene Christian College, 503 S.W.2d 526, 528 (Tex.
1974); Pool v. Ford Motor Co., 715
S.W.2d 629, 633 (Tex. 1986); see also
Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 134 (Tex. 1994)(“[T]he
legislature could have overruled our decision in Kerby and Carnation and
established a basis for a negligence per se defense whenever a plaintiff
failed to wear a seat belt.  Instead, the
legislature . . . ratif[ied] Carnation’s holding.”).

            The first case in Texas to address
the issue of a seat belt defense held there was insufficient evidence to show
that the decedents, whose deaths resulted from a motor vehicle collision, would
have lived had they worn their seat belts. 
Tom Brown Drilling Co. v. Nieman,
418 S.W.2d 337, 341 (Tex.Civ.App.--Eastland 1967, writ ref’d n.r.e).  The court noted that there was neither a
mandatory seat belt usage statute in Texas nor authority to determine whether a
plaintiff had a duty to wear a seat belt. 
The court discussed the split in other jurisdictions with respect to
recognizing the so called “seat belt defense” but it did not directly address
whether the plaintiff had a responsibility to use an available seat belt.  One year later, an intermediate court again
refused to decide whether the plaintiff had a duty to wear a seat belt.  Sonnier
v. Ramsey, 424 S.W.2d 684 (Tex.Civ.App.--Houston [1st Dist.] 1968, writ ref’d
n.r.e).  But the opinion appeared to
suggest the possibility of considering the seat belt defense in subsequent
cases.  The court noted that should such
a scenario occur, the seat belt defense should be used when addressing damages,
rather than when determining liability. 
The question was finally answered in Quinius
v. Estrada, 448 S.W.2d 552, 554 (Tex.Civ.App.--Austin 1969, writ ref’d
n.r.e.).  The answer was no.  See id.
(determining that the plaintiff had no duty to fasten the seat belt and
therefore failure to fasten was not negligent).

            Several years after Quinius, the Texas Supreme Court decided
Kerby.  This case involved a car collision between a
van driven by Kerby and a school bus driven by an employee of the college.  After running a red light, the employee drove
the bus into Kerby’s van.  The door to
Kerby’s van was open and, as a result, Kerby was ejected and crushed.  The Supreme Court compared driving with a
door open to driving without a seat belt. 
Both, the court noted, were not actionable negligence, but instead were “negligence
contributing to the damages sustained.” 
The Kerby court explained the
reasoning with respect to the limited value of evidence that a claimant was
unbelted:

We draw a sharp
distinction between negligence contributing to the accident and negligence
contributing to the damages sustained. 
Contributory negligence must have the causal connection with the
accident that but for the conduct the accident would not have happened.  Negligence that merely increases or adds to
the extent of the loss or injury occasioned by another’s negligence is not such
contributory negligence as will defeat recovery.  The conduct of driving . . . without use of
available seat belts has been held not to be contributory negligence.

 

Kerby, 503 S.W.2d at 528.  The decision was important because it
distinguished between negligence that contributes to the accident and
negligence that worsens the injuries sustained. 
While the court did not specifically say that evidence of non-use was
irrelevant, it criticized the suitability of the evidence.  Further, the court’s distinction between the
two types of negligence pointed out the inadequacies of a negligence theory in
addressing the seat belt defense.

            Shortly after Kerby was decided, the Texas Supreme Court, in a per curiam opinion, denied a petition
for writ of error in King Son Wong v. Carnation
Co.  The Wongs sued Carnation after
sustaining injuries when their automobile was negligently struck by a truck
owned by Carnation.  The trial court
admitted seat belt evidence and found that the plaintiffs’ failure to buckle
their seat belts constituted negligence and was a proximate cause of the
injuries they sustained.  The appellate
court reversed, holding that under Kerby,
there was no duty to wear a seat belt in order to mitigate damages.  509 S.W.2d 385, 387 (Tex.Civ.App.--Houston
[14th Dist.] 1974).  The Texas Supreme
Court refused the application for writ of error, rejecting all cases from other
jurisdictions that allowed the seat belt defense to completely bar a plaintiff’s
recovery through contributory negligence. 
516 S.W.2d at 116.  The court then
dismissed the mitigation of damages approach, stating that “there was no
evidence to prove that had plaintiff been wearing seat belts [sic], the
injuries suffered would have been less than those actually sustained.”  Id. at
117.  The Supreme Court determined that
the Court of Civil Appeals’ decision was correct because “persons whose
negligence did not contribute to an automobile accident should not have the
damages awarded to them reduced or mitigated because of their failure to wear
available seat belts.”

In 1985, the Texas Legislature enacted the mandatory seat belt
statute.  See former Tex.Rev.Civ.Stat.
art. 6701d, § 107C(j).  In addition to
making non-use of a seat belt an offense, Section 107C(j) provided that “[u]se
or nonuse of a safety belt is not admissible evidence in a civil trial.”[3]  In other words, the Legislature codified the
holding in Carnation.  As a result, there was no possibility for a
tort litigant to raise a seat belt defense in Texas because for nearly two
decades the statute continued to prevent admission of seat belt nonuse evidence
when it was being offered in an attempt to reduce a defendant’s liability.  Section 107C(j) was later replaced with Sections
545.412(d) and 545.413(g) of the Texas Transportation Code.  Accordingly, notwithstanding the repeal of Sections
545.412(d) and 545.413(g), evidence of non-use is inadmissible because it is an
act which precedes the crash-causing negligence and the duty to mitigate
damages rises only after those acts which led to the crash.

THE 2003 REPEAL OF
STATUTORY BARS

            In 2003, as part of House Bill 4,
the Legislature repealed Texas Transportation Code Sections 545.412(d) and
545.413(g) without substituting any language whatsoever.  Surprisingly few opinions have addressed the
seat-belt defense in light of the legislative amendments.  However, there are a handful of cases which
we find relevant to our analysis.

            In Idar v. Cooper Tire and Rubber Co., No. C-10-217, 2011 WL 2412613
(S.D. Tex. June 6, 2011), the defendant sought to reduce the plaintiff’s
damages based on non-use of seat  restraints. 
Id. at *8.  The court noted that, “[e]vidence of seatbelt
nonusage is no longer inadmissible under statute.”  Id.
at *9 (recognizing the repeal of Sections 545.413(g) and 545.412(d) of the
Texas Transportation Code).  “On the
other hand, the repeal of these sections does not indicate that such evidence
is now per se admissible.”  Id. at *9, citing Trenado, No. 4:08-CV-00249,
Doc. No. 194 at 33, 36.  First, the court
considered whether the claims for damages should be barred, in whole or in
part, under the doctrine of comparative responsibility for the failure to
utilize seat belts.  Id. at *10-11.  It recited
the Texas comparative responsibility statute which provides that “the Court
shall reduce the amount of damages to be recovered by the claimant with respect
to a cause of action by a percentage equal to the claimant’s percentage of
responsibility.”  Id. at 10, citing Tex.Civ.Prac.&Rem.Code
§ 33.012(a).  The court continued: 

The Texas Supreme Court has held in cases prior
to repeal of the Code’s provisions that ‘persons whose negligence did not
contribute to an automobile accident should not have the damages awarded to
them reduced or mitigated because of their failure to wear available seatbelts.’

 

Id., citing Carnation, 516 S.W.2d at 117; and
Bridgestone/Firestone, Inc., 878 S.W.2d at 134.  It then concluded that the alleged failure to
wear a seatbelt, “did not contribute to the automobile accident, and, under
current Texas law, they should not have their damages reduced or mitigated
because of this failure.”  Id. at 11, citing Carnation Co., 516
S.W.2d at 117; Ramirez v. Michelin N.
Am., Inc., No. 5:07-CV-01032-OLG, Doc. No. 199 (W.D. Tex. Feb. 18, 2010)(“The
current state of the law in Texas is that evidence of a plaintiff’s negligence
antedating the defendant’s wrongful conduct is not admissible to reduce or
mitigate the plaintiff’s damages.”); Pool
v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986)(failure to wear
available seat belts); Kerby v. Abilene
Christian College, 503 S.W.2d 526, 528 (Tex. 1973)(driving with an open
delivery van door); Haney Elec. Co. v.
Hurst, 624 S.W.2d 602, 611 (Tex.Civ.App.--Dallas 1981, writ dism’d)(driving
with a can of gasoline in the rear of a station wagon); Block v. Mora, No. 07-08-0092-CV, 2009 WL 35421 *7
(Tex.App.--Amarillo Jan. 7, 2009, pet. dism’d)(driving with an unsecured tire
in the bed of a pickup truck); and Goldberg
v. Dicks, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.--Tyler
February 11, 2004, pet. denied)(riding in an open pickup truck bed).

            Secondly,
the court considered whether non-usage could mitigate damages, finding that
mitigation “does not apply in these circumstances.”  Id. at
11.  “The mitigation of damages doctrine
requires an injured party to exercise reasonable care to minimize its damages
if damages can be avoided with only slight expense and reasonable effort.”  Id.,
citing Cotton v. Weatherford Bancshares,
Inc., 187 S.W.3d 687, 708 (Tex.App.--Fort Worth 2006, pet. denied.).  Because the plaintiff’s non-use of a
restraint system was “subsequent negligence” it did not warrant a deduction in
recovery based on a failure to mitigate.

WAS EXCLUSION ERROR?

            We now turn to the first prong of
our inquiry -- did the trial court abuse its discretion by excluding evidence
regarding the non-usage of seat belts? 
For more than thirty years, Texas law has recognized that the use (or
non-use) of a seat-belt does not make a collision more or less likely and
therefore does not constitute contributory negligence.  Likewise, the non-use of a seat belt cannot
constitute a failure to mitigate damages because the claimant cannot reduce its
damages before they occur, and the act of using or not using the seat belt does
not intervene between the defendant’s negligence and the claimant’s damages.  

            In repealing Sections 545.412 and
545.413, the Legislature had the opportunity to mandate admissibility, but it
chose to remain silent on the issue. 
Therefore, legislative amendments had no bearing on the continuing
effect of Carnation, Kerby, Glyn-Jones,
and their progeny.  As an intermediate
appellate court, it is not within our province to overturn prior Supreme Court
authority.  “It is not the function of a court of appeals to abrogate or modify established
precedent.  That function lies solely
with [the Supreme] Court.”
 Lubbock
County, Texas v. Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex.
2002), see also Petco Animal supplies,
Inc. v. Schuster, 144 S.W.3d 554, 565 (Tex.App.--Austin 2004, no pet.)(“As
an intermediate appellate court,
we are not free to mold Texas law as we see fit but must instead follow the
precedents of the Texas Supreme Court unless and until the high court
overrules them or the Texas Legislature supersedes them by statute.”).

            Appellees direct us to comments by
State Representative Joe Nixon concerning the amendment: 

HB 4 now allows
the jury to know whether or not a Plaintiff who is suing because of the
injuries sustained in an automobile accident was wearing a seat belt at the
time of the accident.  Unbelievably,
prior to 2003, Texas law prohibited admission of evidence that the Plaintiff
was partially at fault for their own damages for failure to wear their seat
belt, despite the fact that state law required every passenger to wear a seat
belt.  Now, common sense prevails, and
the jury is given additional legitimate and relevant information on which to base
its verdict. 

 

See Joseph M. Nixon, The Purpose, History and Five Year Effect of
Recent Lawsuit Reform in Texas, Texas State Bar Litigation Section Report,
The Advocate 9, 17 (Fall 2008).. This is merely one legislator’s
opinion and is not evidence of legislative intent.  “Explanations produced, after the fact, by
individual legislators are not statutory history, and can provide little
guidance as to what the legislature collectively intended.”  Entergy
Gulf States, Inc. v. Summers, 282 S.W. 3d 433, 444 (Tex. 2009), quoting In Re Doe, 19 S.W.3d 346, 352
(Tex. 2000).  It is not proper for the
courts to read into the statute something that was not spelled out clearly by
the Legislature.  See Smith v. State, 5 S.W.3d 673, 678 (Tex. Crim. App. 1999), citing Coit v. State, 808 S.W.2d 473,
475 (Tex.Crim.App. 1991).  Absent a
specific legislative mandate affirmatively authorizing the admission of such
evidence, or legislative history specifically advising the courts of appeals in
Texas that long established court precedent is being overruled, the courts
should not guess at the Legislature’s intent.  See
Smith v. State, 5 S.W.3d 673, 678 (Tex. Crim. App. 1999).   We
conclude the trial court erred in admitting evidence of non-use of seat belts. 

Harm
Analysis

            Having found error, we must now conduct
a harm analysis to determine whether the error resulted in the rendition of an
improper judgment.  Even when an
evidentiary ruling is erroneous, we will not reverse unless the ruling probably
caused rendition of an improper judgment. 
Tex.R.App.P. 44.1(a); Nissan Motor Co. v. Armstrong, 145
S.W.3d 131, 144 (Tex. 2004).  The Supreme
Court has recognized the impossibility of prescribing a specific test to
determine whether a particular error is harmful, and entrusts that
determination to the sound discretion of the reviewing court.  McCraw
v. Maris, 828 S.W.2d 756, 757-58 (Tex. 1992); Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 821 (Tex.
1980).  “A reviewing court must evaluate
the whole case from voir dire to closing argument, considering the ‘state of
the evidence, the strength and weakness of the case, and the verdict.”  Reliance
Steel & Aluminum Co. v. Sevcik, 267 S.W.3d 867, 871 (Tex. 2008), quoting Standard Fire Ins. Co. v. Reese,
584 S.W.2d 835, 841 (Tex. 1979). “[I]t is not necessary for the complaining
party to prove that ‘but for’ the exclusion of evidence, a different judgment
would necessarily have resulted.”  McCraw, 828 S.W.2d at 758.  The complaining party must only show “that
the exclusion of evidence probably resulted in the rendition of an improper
judgment.”  Id.  The erroneous admission
of evidence is likely harmless if the evidence was cumulative, or the rest of
the evidence was so one-sided that the error likely made no difference in the
judgment.  Reliance Steel, 267 S.W.3d at 873. 
However, if erroneously admitted evidence was crucial to a key issue,
the error is likely harmful.  Id.

            Here, not only did the jury hear
extensive evidence regarding the Loeras’ non-use of seat belts, the jury charge
included questions specifically related to the usage of seat belts.  Despite the 40% and 60% proportional
responsibility found in questions 2 and 3, the trial court rendered judgment in
favor of defendants and ordered that the Loeras take nothing based on the jury’s
finding that they were entirely responsible for not using the belt restraints.  While we cannot know exactly how the jury’s
verdict would have differed if the seat belt evidence had been properly
excluded, we can clearly say that the admission likely caused the rendition of
an improper judgment.  We sustain Issue
Three and reverse and remand for a new trial.

 

January 30, 2013                                 _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating











[1]
 The speed limit was 75 miles per
hour.  





[2]  Specifically, Section 545.413(g) read, “[u]se
or nonuse of a safety belt is not admissible in a civil trial . . .” and
Section 545.412(d) stated that, “[u]se or nonuse of a child passenger safety
system is not admissible evidence in a civil trial . . . .”  Acts 1995, 74th Leg. R.S., ch. 165, § 1, 1995
Tex.Gen.Laws 1644, amended by Acts
1997, 75th Leg., R.S. ch. 165, § 30.115(a), 1997 Tex.Gen.Laws 643 (former Tex.Transp.Code
§ 545.413(g)).  Acts 1995, 74th Leg.,
R.S., ch. 165, § 1, 1995 Tex.Gen.Laws
1643, amended by Acts 1997, 75th Leg., R.S., ch. 165, § 30.114(a), 1997 Tex.Gen.Laws 643 (former Tex.Transp.Code § 545.412(a)).





[3]  Almost ten years later, in 1994, the Texas
Supreme Court limited the statute’s application.  See
Bridgestone/Firestone, Inc. v. Glyn-Jones,
878 S.W.2d 132 (Tex. 1994).  The
plaintiff, Glyn-Jones, in addition to suing the driver of a car that collided
with hers, sued Bridgestone/Firestone, Inc., Ford Motor Company, and Champion
Motor Sales.  The plaintiff alleged
products liability and breach of warranty claims, claiming that the seat belt
was defective and failed to protect her, which resulted in her being thrown
around inside her vehicle, thereby causing further injury.  Bridgestone/Firestone argued that Glyn-Jones
was barred by Section 107C(j) from admitting evidence that she was wearing a
seat belt and therefore she was unable to prove the element of causation.  The court refused to interpret Section
107C(j) as precluding the plaintiff from admitting evidence that proved she had
used her seat belt.  Essentially, the
court held that the purpose of the statute was “to make clear that the sole
legal sanction for the failure to wear a seat belt is the criminal penalty
provided by the statute and that the failure could not be used against the
injured person in a civil trial.”  In
other words, the statute did not bar a plaintiff from introducing evidence of
seat belt use when the claim revolved around the issue of a seat belt defect.