COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ARMANDO LOERA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSEFINA LOERA, JOINED BY MORAYMA LOERA, | § § § § | No. 08-11-00182-CV |
| Appellants, | § | Appeal from |
| v. | § | 394th District Court |
| JOE FUENTES AND NABORS WELL SERVICES LTD., | § § | of Presidio County, Texas |
| Appellees. | § | (TC # 6968) |

**O P I N I O N**

This is personal injury case arising out of injuries sustained in a collision between the Loeras' pickup truck and a tractor-trailer driven by Joe Fuentes and owned by Nabors Well Services, Ltd. After hearing all the evidence, including testimony from two experts regarding the Loeras' failure to wear seat belts, the jury found Fuentes to be 50% negligent in causing or contributing to cause the "occurrence or injury," Nabors 10% negligent, and Morayma Loera, the driver, 40% negligent. The jury also found that Morayma and her parents were engaged in a joint business enterprise at the time of the accident, imputing Morayma's negligence to Josefina and Armando. The jury was also asked two questions regarding the Loeras' failure to wear seat belts and answered as follows:

Question No. 4:

      Was the non-use of a seat belt by any of the persons named below [Morayma, Josefina, Armando] negligent and a proximate cause of the injuries, if any?

Answer 'Yes' or 'No':

a)       Morayma Loera:  Yes

b)       Josefina Loera:  Yes

c)       Armando Loera:  Yes.

Question No. 5:

If you answered 'Yes' to Question 4 for any of those named below, then answer the following question.  Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury due to non-use of a seat belt.  The percentages you find, if any, are separate percentages for each individual below.  The percentage of responsibility attributable to any one person named below [Morayma, Josefina, Armando] is not necessarily measured by the number of acts or omissions found.

For each person you found negligently caused or contributed to cause the injury due to non-use of a seatbelt, find the percentage of responsibility, if any, attributable to each for such non-use:

a)       Morayma Loera: 100%

b)       Josefina Loera:  100%

c)       Armando Loera:  100%

The jury found that the Loeras suffered approximately $450,000 in damages as a result of the collision.  But based upon the answers to Questions 4 and 5, the trial court entered judgment in favor of the defendants and ordered Appellants take nothing.  Because we conclude that evidence of non-use of seat belts was erroneously admitted, we reverse and remand.

# FACTUAL BACKGROUND

On a clear sunny day in October 2006, Morayma Loera was driving a pickup truck westbound on Highway 67 toward Marfa. Her mother was in the front passenger seat and her father was in the rear passenger seat. The family was headed from Austin back home to Presidio, Texas.

Near the intersection of Highway 67 and a small county road, Morayma came upon two tractor trailer rigs owned by Nabors. The lead truck was driven by Fuentes. It was undisputed that both rigs had slowed down significantly and moved to the right in preparation for the upcoming left hand turn. However, the parties disagreed as to whether Fuentes had pulled over as far as he could within the lane or if he had moved outside of the lane and pulled on to the paved shoulder. Each side presented their own accident reconstruction expert. The two experts relied on substantially the same data and reached many of the same conclusions. Regardless of the specific location of the tractor trailers on the roadway, Morayma attempted to pass both trucks. Instead, as she was passing the rear truck, the lead rig turned left, directly blocking her path across the highway. Morayma hit her brakes and swerved left in an attempt to avoid hitting the tractor trailer but she was unsuccessful. The pickup truck and the tractor trailer collided. At the time of the accident, Morayma was traveling approximately 70 miles per hour and the tractor trailer was traveling somewhere between 5 and 8 miles per hour.[1] All three of the Loeras suffered injuries from the collision.

Josefina and Armando filed suit against Fuentes and Nabors alleging various claims of negligence and vicarious liability. Morayma asserted claims against her parents, but those claims were settled during the course of litigation. Morayma also filed suit against Fuentes for negligence and against Nabors under the theory of respondent superior.

---

[1] The speed limit was 75 miles per hour.

The Loeras bring four issues for review. Issue One addresses charge error. Issue Two challenges the sufficiency of the evidence to support the jury's finding that the Loeras were engaged in a joint enterprise. Issue Four complains that the trial court erred in admitting expert testimony pursuant to Texas Rule of Evidence 702. We need not address these issues as Issue Three is dispositive. We hold that the trial court erred in allowing testimony regarding the non-use of seat belts.

## NON-USE OF SEATBELTS

### *Standard of Review*

A trial court's decision to admit or exclude evidence is generally reviewed for an abuse of discretion. *All Metals Fabricating, Inc. v. Ramer Concrete, Inc.*, 338 S.W.3d 557, 561 (Tex.App.--El Paso 2009, no pet.). Even if error occurs, the case will not be reversed unless the error probably caused the rendition of an improper judgment. *See* TEX.R.APP.P. 44.1; *Owens-Corning Fiberglass Corporation v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

The standard of review for a pure legal question is *de novo*, and a reviewing court must determine if the trial court acted without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When conducting a *de novo* review, an appellate court exercises its own judgment and redetermines each issue of fact and law. *Quick v. City of Austin*, 7 S.W.3d 109 (Tex. 1998). In so doing, we accord no deference to the trial court. *See State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

### *The "Seat Belt Defense" in Texas*

Prior to repeal in 2003, Texas Transportation Code Sections 545.413(g) and 545.412(d) provided a statutory bar to the admissibility of evidence regarding seat belt non-usage.[2]

---

[2] Specifically, Section 545.413(g) read, "[u]se or nonuse of a safety belt is not admissible in a civil trial . . ." and Section 545.412(d) stated that, "[u]se or nonuse of a child passenger safety system is not admissible evidence in a

However, long before these provisions (and their predecessors) were enacted, it was well established in Texas jurisprudence that such evidence did not constitute contributory negligence, nor was it properly considered as a means to mitigate damages. *See Carnation Co. v. Wong*, 516 S.W.2d 116, 117 (Tex. 1974); *Kerby v. Abilene Christian College*, 503 S.W.2d 526, 528 (Tex. 1974); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex. 1986); *see also Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 134 (Tex. 1994)("[T]he legislature could have overruled our decision in *Kerby* and *Carnation* and established a basis for a negligence per se defense whenever a plaintiff failed to wear a seat belt. Instead, the legislature . . . ratif[ied] *Carnation's* holding.").

The first case in Texas to address the issue of a seat belt defense held there was insufficient evidence to show that the decedents, whose deaths resulted from a motor vehicle collision, would have lived had they worn their seat belts. *Tom Brown Drilling Co. v. Nieman*, 418 S.W.2d 337, 341 (Tex.Civ.App.--Eastland 1967, writ ref'd n.r.e). The court noted that there was neither a mandatory seat belt usage statute in Texas nor authority to determine whether a plaintiff had a duty to wear a seat belt. The court discussed the split in other jurisdictions with respect to recognizing the so called "seat belt defense" but it did not directly address whether the plaintiff had a responsibility to use an available seat belt. One year later, an intermediate court again refused to decide whether the plaintiff had a duty to wear a seat belt. *Sonnier v. Ramsey*, 424 S.W.2d 684 (Tex.Civ.App.--Houston [1st Dist.] 1968, writ ref'd n.r.e). But the opinion appeared to suggest the possibility of considering the seat belt defense in subsequent cases. The court noted that should such a scenario occur, the seat belt defense should be used when

civil trial . . . ." Acts 1995, 74th Leg. R.S., ch. 165, § 1, 1995 TEX.GEN.LAWS 1644, amended by Acts 1997, 75th Leg., R.S. ch. 165, § 30.115(a), 1997 TEX.GEN.LAWS 643 (former TEX.TRANSP.CODE § 545.413(g)). Acts 1995, 74th Leg., R.S., ch. 165, § 1, 1995 TEX.GEN.LAWS 1643, amended by Acts 1997, 75th Leg., R.S., ch. 165, § 30.114(a), 1997 TEX.GEN.LAWS 643 (former TEX.TRANSP.CODE § 545.412(a)).

addressing damages, rather than when determining liability.  The question was finally answered in *Quinius v. Estrada*, 448 S.W.2d 552, 554 (Tex.Civ.App.--Austin 1969, writ ref'd n.r.e.).  The answer was no.  *See id*. (determining that the plaintiff had no duty to fasten the seat belt and therefore failure to fasten was not negligent).

Several years after *Quinius*, the Texas Supreme Court decided *Kerby.*  This case involved a car collision between a van driven by Kerby and a school bus driven by an employee of the college.  After running a red light, the employee drove the bus into Kerby's van.  The door to Kerby's van was open and, as a result, Kerby was ejected and crushed.  The Supreme Court compared driving with a door open to driving without a seat belt.  Both, the court noted, were not actionable negligence, but instead were "negligence contributing to the damages sustained."  The *Kerby* court explained the reasoning with respect to the limited value of evidence that a claimant was unbelted:

> We draw a sharp distinction between negligence contributing to the accident and negligence contributing to the damages sustained.  Contributory negligence must have the causal connection with the accident that but for the conduct the accident would not have happened.  Negligence that merely increases or adds to the extent of the loss or injury occasioned by another's negligence is not such contributory negligence as will defeat recovery.  The conduct of driving . . . without use of available seat belts has been held not to be contributory negligence.

*Kerby*, 503 S.W.2d at 528.  The decision was important because it distinguished between negligence that contributes to the accident and negligence that worsens the injuries sustained.  While the court did not specifically say that evidence of non-use was irrelevant, it criticized the suitability of the evidence.  Further, the court's distinction between the two types of negligence pointed out the inadequacies of a negligence theory in addressing the seat belt defense.

Shortly after *Kerby* was decided, the Texas Supreme Court, in a *per curiam* opinion, denied a petition for writ of error in *King Son Wong v. Carnation Co*.  The Wongs sued

- 6 -

Carnation after sustaining injuries when their automobile was negligently struck by a truck owned by Carnation. The trial court admitted seat belt evidence and found that the plaintiffs' failure to buckle their seat belts constituted negligence and was a proximate cause of the injuries they sustained. The appellate court reversed, holding that under *Kerby*, there was no duty to wear a seat belt in order to mitigate damages. 509 S.W.2d 385, 387 (Tex.Civ.App.--Houston [14th Dist.] 1974). The Texas Supreme Court refused the application for writ of error, rejecting all cases from other jurisdictions that allowed the seat belt defense to completely bar a plaintiff's recovery through contributory negligence. 516 S.W.2d at 116. The court then dismissed the mitigation of damages approach, stating that "there was no evidence to prove that had plaintiff been wearing seat belts [sic], the injuries suffered would have been less than those actually sustained." *Id.* at 117. The Supreme Court determined that the Court of Civil Appeals' decision was correct because "persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts."

In 1985, the Texas Legislature enacted the mandatory seat belt statute. *See* former TEX.REV.CIV.STAT. art. 6701d, § 107C(j). In addition to making non-use of a seat belt an offense, Section 107C(j) provided that "[u]se or nonuse of a safety belt is not admissible evidence in a civil trial."[3] In other words, the Legislature codified the holding in *Carnation*. As

---

[3] Almost ten years later, in 1994, the Texas Supreme Court limited the statute's application. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132 (Tex. 1994). The plaintiff, Glyn-Jones, in addition to suing the driver of a car that collided with hers, sued Bridgestone/Firestone, Inc., Ford Motor Company, and Champion Motor Sales. The plaintiff alleged products liability and breach of warranty claims, claiming that the seat belt was defective and failed to protect her, which resulted in her being thrown around inside her vehicle, thereby causing further injury. Bridgestone/Firestone argued that Glyn-Jones was barred by Section 107C(j) from admitting evidence that she was wearing a seat belt and therefore she was unable to prove the element of causation. The court refused to interpret Section 107C(j) as precluding the plaintiff from admitting evidence that proved she had used her seat belt. Essentially, the court held that the purpose of the statute was "to make clear that the sole legal sanction for the failure to wear a seat belt is the criminal penalty provided by the statute and that the failure could not be used against the injured person in a civil trial." In other words, the statute did not bar a plaintiff from introducing

a result, there was no possibility for a tort litigant to raise a seat belt defense in Texas because for nearly two decades the statute continued to prevent admission of seat belt nonuse evidence when it was being offered in an attempt to reduce a defendant's liability. Section 107C(j) was later replaced with Sections 545.412(d) and 545.413(g) of the Texas Transportation Code. Accordingly, notwithstanding the repeal of Sections 545.412(d) and 545.413(g), evidence of non-use is inadmissible because it is an act which precedes the crash-causing negligence and the duty to mitigate damages rises only after those acts which led to the crash.

## THE 2003 REPEAL OF STATUTORY BARS

In 2003, as part of House Bill 4, the Legislature repealed Texas Transportation Code Sections 545.412(d) and 545.413(g) without substituting any language whatsoever. Surprisingly few opinions have addressed the seat-belt defense in light of the legislative amendments. However, there are a handful of cases which we find relevant to our analysis.

In *Idar v. Cooper Tire and Rubber Co.*, No. C-10-217, 2011 WL 2412613 (S.D. Tex. June 6, 2011), the defendant sought to reduce the plaintiff's damages based on non-use of seat restraints. *Id.* at *8. The court noted that, "[e]vidence of seatbelt nonusage is no longer inadmissible under statute." *Id.* at *9 (recognizing the repeal of Sections 545.413(g) and 545.412(d) of the Texas Transportation Code). "On the other hand, the repeal of these sections does not indicate that such evidence is now per se admissible." *Id.* at *9, *citing Trenado*, No. 4:08-CV-00249, Doc. No. 194 at 33, 36. First, the court considered whether the claims for damages should be barred, in whole or in part, under the doctrine of comparative responsibility for the failure to utilize seat belts. *Id.* at *10-11. It recited the Texas comparative responsibility statute which provides that "the Court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of

---

evidence of seat belt use when the claim revolved around the issue of a seat belt defect.

- 8 -

responsibility." *Id*. at 10, *citing* TEX.CIV.PRAC.&REM.CODE § 33.012(a). The court continued:

> The Texas Supreme Court has held in cases prior to repeal of the Code's provisions that 'persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seatbelts.'

*Id., citing Carnation*, 516 S.W.2d at 117; *and Bridgestone/Firestone, Inc.*, 878 S.W.2d at 134. It then concluded that the alleged failure to wear a seatbelt, "did not contribute to the automobile accident, and, under current Texas law, they should not have their damages reduced or mitigated because of this failure." *Id*. at 11, *citing Carnation Co.*, 516 S.W.2d at 117; *Ramirez v. Michelin N. Am., Inc.*, No. 5:07-CV-01032-OLG, Doc. No. 199 (W.D. Tex. Feb. 18, 2010)("The current state of the law in Texas is that evidence of a plaintiff's negligence antedating the defendant's wrongful conduct is not admissible to reduce or mitigate the plaintiff's damages."); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex. 1986)(failure to wear available seat belts); *Kerby v. Abilene Christian College*, 503 S.W.2d 526, 528 (Tex. 1973)(driving with an open delivery van door); *Haney Elec. Co. v. Hurst*, 624 S.W.2d 602, 611 (Tex.Civ.App.--Dallas 1981, writ dism'd)(driving with a can of gasoline in the rear of a station wagon); *Block v. Mora*, No. 07-08-0092-CV, 2009 WL 35421 *7 (Tex.App.--Amarillo Jan. 7, 2009, pet. dism'd)(driving with an unsecured tire in the bed of a pickup truck); and *Goldberg v. Dicks*, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.--Tyler February 11, 2004, pet. denied)(riding in an open pickup truck bed).

Secondly, the court considered whether non-usage could mitigate damages, finding that mitigation "does not apply in these circumstances." *Id*. at 11. "The mitigation of damages doctrine requires an injured party to exercise reasonable care to minimize its damages if damages can be avoided with only slight expense and reasonable effort." *Id*., *citing Cotton v. Weatherford*

- 9 -

*Bancshares, Inc.*, 187 S.W.3d 687, 708 (Tex.App.--Fort Worth 2006, pet. denied.). Because the plaintiff's non-use of a restraint system was "subsequent negligence" it did not warrant a deduction in recovery based on a failure to mitigate.

## WAS EXCLUSION ERROR?

We now turn to the first prong of our inquiry -- did the trial court abuse its discretion by excluding evidence regarding the non-usage of seat belts? For more than thirty years, Texas law has recognized that the use (or non-use) of a seat-belt does not make a collision more or less likely and therefore does not constitute contributory negligence. Likewise, the non-use of a seat belt cannot constitute a failure to mitigate damages because the claimant cannot reduce its damages before they occur, and the act of using or not using the seat belt does not intervene between the defendant's negligence and the claimant's damages.

In repealing Sections 545.412 and 545.413, the Legislature had the opportunity to mandate admissibility, but it chose to remain silent on the issue. Therefore, legislative amendments had no bearing on the continuing effect of *Carnation, Kerby, Glyn-Jones*, and their progeny. As an intermediate appellate court, it is not within our province to overturn prior Supreme Court authority. "It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Supreme] Court." *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002), *see also Petco Animal supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex.App.--Austin 2004, no pet.)("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute.").

Appellees direct us to comments by State Representative Joe Nixon concerning the amendment:

> HB 4 now allows the jury to know whether or not a Plaintiff who is suing because of the injuries sustained in an automobile accident was wearing a seat belt at the time of the accident. Unbelievably, prior to 2003, Texas law prohibited admission of evidence that the Plaintiff was partially at fault for their own damages for failure to wear their seat belt, despite the fact that state law required every passenger to wear a seat belt. Now, common sense prevails, and the jury is given additional legitimate and relevant information on which to base its verdict.

*See* Joseph M. Nixon, *The Purpose, History and Five Year Effect of Recent Lawsuit Reform in Texas,* TEXAS STATE BAR LITIGATION SECTION REPORT, THE ADVOCATE 9, 17 (Fall 2008).. This is merely one legislator's opinion and is not evidence of legislative intent. "Explanations produced, after the fact, by individual legislators are not statutory history, and can provide little guidance as to what the legislature collectively intended." *Entergy Gulf States, Inc. v. Summers*, 282 S.W. 3d 433, 444 (Tex. 2009), *quoting In Re Doe*, 19 S.W.3d 346, 352 (Tex. 2000). It is not proper for the courts to read into the statute something that was not spelled out clearly by the Legislature. *See Smith v. State*, 5 S.W.3d 673, 678 (Tex. Crim. App. 1999), *citing Coit v. State*, 808 S.W.2d 473, 475 (Tex.Crim.App. 1991). Absent a specific legislative mandate affirmatively authorizing the admission of such evidence, or legislative history specifically advising the courts of appeals in Texas that long established court precedent is being overruled, the courts should not guess at the Legislature's intent. *See Smith v. State*, 5 S.W.3d 673, 678 (Tex. Crim. App. 1999). We conclude the trial court erred in admitting evidence of non-use of seat belts.

### *Harm Analysis*

Having found error, we must now conduct a harm analysis to determine whether the error resulted in the rendition of an improper judgment. Even when an evidentiary ruling is erroneous,

we will not reverse unless the ruling probably caused rendition of an improper judgment. TEX.R.APP.P. 44.1(a); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). The Supreme Court has recognized the impossibility of prescribing a specific test to determine whether a particular error is harmful, and entrusts that determination to the sound discretion of the reviewing court. *McCraw v. Maris*, 828 S.W.2d 756, 757-58 (Tex. 1992); *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 821 (Tex. 1980). "A reviewing court must evaluate the whole case from voir dire to closing argument, considering the 'state of the evidence, the strength and weakness of the case, and the verdict." *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008), *quoting Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 841 (Tex. 1979). "[I]t is not necessary for the complaining party to prove that 'but for' the exclusion of evidence, a different judgment would necessarily have resulted." *McCraw*, 828 S.W.2d at 758. The complaining party must only show "that the exclusion of evidence probably resulted in the rendition of an improper judgment." *Id*. The erroneous admission of evidence is likely harmless if the evidence was cumulative, or the rest of the evidence was so one-sided that the error likely made no difference in the judgment. *Reliance Steel*, 267 S.W.3d at 873. However, if erroneously admitted evidence was crucial to a key issue, the error is likely harmful. *Id*.

Here, not only did the jury hear extensive evidence regarding the Loeras' non-use of seat belts, the jury charge included questions specifically related to the usage of seat belts. Despite the 40% and 60% proportional responsibility found in questions 2 and 3, the trial court rendered judgment in favor of defendants and ordered that the Loeras take nothing based on the jury's finding that they were entirely responsible for not using the belt restraints. While we cannot know exactly how the jury's verdict would have differed if the seat belt evidence had been

- 12 -

properly excluded, we can clearly say that the admission likely caused the rendition of an improper judgment.  We sustain Issue Three and reverse and remand for a new trial.


January 30, 2013                    _____
                                   ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating