COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NABORS WELLS SERVICES, LTD., F/K/A POOL COMPANY TEXAS, LTD., AND LAURO BERNAL GARCIA, | § § § | |
| Appellants, | § | |
| | § | No. 08-09-00319-CV |
| v. | § | Appeal from |
| ASUNCION ROMERO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE | § | 112th District Court |
| OF AIDE ROMERO, DECEASED, AND AS NEXT FRIEND OF | § | of Pecos County, Texas |
| EDGAR ROMERO AND SAUL ROMERO, ESPERANZA SOTO, INDIVIDUALLY AND AS NEXT | § § | (TC # 10319) |
| FRIEND OF ESPERANZA SOTO, GUADALUPE SOTO, | § | |
| MARIA ELENA SOTO, AND MARTIN SOTO, | § | |
| Appellees. | § | |

**O P I N I O N**

Nabors Well Services, Ltd., formerly Pool Company Texas, Ltd., appeals a jury verdict that awarded actual damages of just more than $2.3 million to the Romero and Soto families. Nabors brings a single issue: that the trial court abused its discretion by excluding expert and lay testimony regarding the use or non-use of seat belts in a rollover automobile crash.

**FACTUAL SUMMARY**

In the late afternoon of December 20, 2004, 53 year-old Martin Soto was driving a Chevrolet Suburban, a light truck utility vehicle, with seven family member occupants, ages 48 to 43 years, southbound on U.S. 285 in rural West Texas. Close ahead, Lauro Garcia, a Nabors'

employee, was driving southbound in a company tractor trailer. Just as the SUV overtook the truck, but before it passed clear, Nabors' tractor trailer turned left to turn off the highway and the tractor's front left bumper struck the passing Suburban, causing it to career off the highway roadway into scrub brush causing it rolled over some multiple before coming to rest, upright. Most of the Suburban occupants were ejected.

Emergency services arrived about an hour later. Martin Soto, his 48-year old wife Esperanza, 15-year-old twins, Esperanza and Guadalupe Soto, 9-year-old Marielena Soto, 8-year-old Edgar Romero, and 4-year-old Saul Romero suffered injuries. Marielena and Esperanza Soto were unconscious with head injuries. Aydee Romero was dead.

The record is conflicted about who was wearing seatbelts at the time of the collision. Texas State Trooper James Matthies recorded after the fact that all the Suburban occupants were unrestrained except Marielena Soto and the elder Esperanza Soto. But according to their deposition testimony, Marielena Soto and the elder Esperanza Soto stated that they were not wearing seatbelts. Martin Soto and Guadalupe Soto testified that they were belted in. The younger Esperanza Soto testified that she was not wearing a seat belt.

Likewise, testimony about who was ejected was inconsistent. According to Guadalupe Soto, all the occupants were ejected except the driver Martin Soto and Edgar Romeo. But Edgar Romeo testified that he was ejected. Finally, EMS reports reflect that an unspecified "family member" reported that seven of the eight occupants were ejected.

The Romero and Soto families filed suit against Nabors for negligence and vicarious liability for Lauro Garcia's negligence. Primary to its defense, Nabors retained expert witness James Funk, Ph.D., to testify regarding the effects of seat belt or non-use in a rollover crash. The Romero and Soto families filed a written objection to the expert evidence on the basis that the

2

methodology Dr. Funk used to form his opinion was not sufficiently reliable to be admissible as evidence. In addition, they objected to the admissibility of any evidence of seat-belt use, or non-use, on the basis that such evidence was prohibited in civil trials in Texas. Following a pretrial evidentiary hearing, the trial court sustained both objections, and in separate written orders excluded all seat-belt use evidence and Dr. Funk's expert opinions. A jury returned a verdict finding both Nabors and Martin Soto negligent and found them 51% and 49% responsible respectively.

In its sole issue, Nabors contends that the trial court committed reversible error by excluding all evidence related to the passengers' seat-belt use, including testimony by Nabors' biomechanics expert, James Funk, Ph.D. Nabors argues that although prior versions of the Texas Transportation Code prohibited the so called, "seat-belt defense," the current version of Texas Transportation Code, Section 545.413, no longer requires such evidence to be excluded from trial. *See* TEX.TRANSP.CODE, § 545.413 (West 2011). In response, the Romeros and Sotos contend that the 2003 amendments in Section 545.413, were not intended to supplant existing Texas common law, which the families argue, continues to reject the admissibility of seat-belt use evidence in primary collision cases.

### STANDARD OF REVIEW

A trial court's decision to admit or exclude evidence is generally reviewed for an abuse of discretion. *All Metals Fabricating, Inc. v. Ramer Concrete, Inc.*, 338 S.W.3d 557, 561 (Tex.App.--El Paso 2009, no pet.). Even if error occurs, the case will not be reversed unless the error probably caused the rendition of an improper judgment. *See* TEX.R.APP.P. 44.1; *Owens-Corning Fiberglass Corporation v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

3

The standard of review for a pure legal question is *de novo*, and a reviewing court must determine if the trial court acted without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When conducting a *de novo* review, an appellate court exercises its own judgment and redetermines each issue of fact and law. *Quick v. City of Austin*, 7 S.W.3d 109 (Tex. 1998). In so doing, we accord no deference to the trial court. *See State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

## THE "SEAT BELT DEFENSE"

Prior to repeal in 2003, Texas Transportation Code Sections 545.413(g) and 545.412(d) provided a statutory bar to the admissibility of evidence regarding seat belt non-usage.[1] However, long before these provisions (and their predecessors) were enacted, it was well established in Texas jurisprudence that such evidence did not constitute contributory negligence, nor was it properly considered as a means to mitigate damages. *See Carnation Co. v. Wong*, 516 S.W.2d 116, 117 (Tex. 1974); *Kerby v. Abilene Christian College*, 503 S.W.2d 526, 528 (Tex. 1974); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex. 1986); *see also Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 134 (Tex. 1994)("[T]he legislature could have overruled our decision in *Kerby* and *Carnation* and established a basis for a negligence per se defense whenever a plaintiff failed to wear a seat belt. Instead, the legislature . . . ratif[ied] *Carnation's* holding.").

The first case in Texas to address the issue of a seat belt defense held there was insufficient evidence to show that the decedents, whose deaths resulted from a motor vehicle

---

[1] Specifically, Section 545.413(g) read, "[u]se or nonuse of a safety belt is not admissible in a civil trial . . ." and Section 545.412(d) stated that, "[u]se or nonuse of a child passenger safety system is not admissible evidence in a civil trial . . . ." Acts 1995, 74th Leg. R.S., ch. 165, § 1, 1995 TEX.GEN.LAWS 1644, amended by Acts 1997, 75th Leg., R.S. ch. 165, § 30.115(a), 1997 TEX.GEN.LAWS 643 (former TEX.TRANSP.CODE § 545.413(g)). Acts 1995, 74th Leg., R.S., ch. 165, § 1, 1995 TEX.GEN.LAWS 1643, amended by Acts 1997, 75th Leg., R.S., ch. 165, § 30.114(a), 1997 TEX.GEN.LAWS 643 (former TEX.TRANSP.CODE § 545.412(a)).

collision, would have lived had they worn their seat belts. *Tom Brown Drilling Co. v. Nieman*, 418 S.W.2d 337, 341 (Tex.Civ.App.--Eastland 1967, writ ref'd n.r.e). The court noted that there was neither a mandatory seat belt usage statute in Texas nor authority to determine whether a plaintiff had a duty to wear a seat belt. The court discussed the split in other jurisdictions with respect to recognizing the so called "seat belt defense" but it did not directly address whether the plaintiff had a responsibility to use an available seat belt. One year later, an intermediate court again refused to decide whether the plaintiff had a duty to wear a seat belt. *Sonnier v. Ramsey*, 424 S.W.2d 684 (Tex.Civ.App.--Houston [1st Dist.] 1968, writ ref'd n.r.e.). But the opinion appeared to suggest the possibility of considering the seat belt defense in subsequent cases. The court noted that should such a scenario occur, the seat belt defense should be used when addressing damages, rather than when determining liability. The question was finally answered in *Quinius v. Estrada*, 448 S.W.2d 552, 554 (Tex.Civ.App.--Austin 1969, writ ref'd n.r.e.). The answer was no. *See id*. (determining that the plaintiff had no duty to fasten the seat belt and therefore failure to fasten was not negligent).

Several years after *Quinius*, the Texas Supreme Court decided *Kerby*. This case involved a car collision between a van driven by Kerby and a school bus driven by an employee of the college. After running a red light, the employee drove the bus into Kerby's van. The door to Kerby's van was open and, as a result, Kerby was ejected and crushed. The Supreme Court compared driving with a door open to driving without a seat belt. Both, the court noted, were not actionable negligence, but instead were "negligence contributing to the damages sustained." The *Kerby* court explained the reasoning with respect to the limited value of evidence that a claimant was unbelted:

> We draw a sharp distinction between negligence contributing to the accident and negligence contributing to the damages sustained. Contributory negligence must

5

> have the causal connection with the accident that but for the conduct the accident would not have happened. Negligence that merely increases or adds to the extent of the loss or injury occasioned by another's negligence is not such contributory negligence as will defeat recovery. The conduct of driving . . . without use of available seat belts has been held not to be contributory negligence.

*Kerby*, 503 S.W.2d at 528. The decision was important because it distinguished between negligence that contributes to the accident and negligence that worsens the injuries sustained. While the court did not specifically say that evidence of non-use was irrelevant, it criticized the suitability of the evidence. Further, the court's distinction between the two types of negligence pointed out the inadequacies of a negligence theory in addressing the seat belt defense.

Shortly after *Kerby* was decided, the Texas Supreme Court, in a *per curiam* opinion, denied a petition for writ of error in *King Son Wong v. Carnation Co*. The Wongs sued Carnation after sustaining injuries when their automobile was negligently struck by a truck owned by Carnation. The trial court admitted seat belt evidence and found that the plaintiffs' failure to buckle their seat belts constituted negligence and was a proximate cause of the injuries they sustained. The appellate court reversed, holding that under *Kerby*, there was no duty to wear a seat belt in order to mitigate damages. 509 S.W.2d 385, 387 (Tex.Civ.App.--Houston [14th Dist.] 1974). The Texas Supreme Court refused the application for writ of error, rejecting all cases from other jurisdictions that allowed the seat belt defense to completely bar a plaintiff's recovery through contributory negligence. 516 S.W.2d at 116. The court then dismissed the mitigation of damages approach, stating that "there was no evidence to prove that had plaintiff been wearing seat belts [sic], the injuries suffered would have been less than those actually sustained." *Id.* at 117. The Supreme Court determined that the Court of Civil Appeals' decision was correct because "persons whose negligence did not contribute to an automobile accident

6

should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts."

In 1985, the Texas Legislature enacted the mandatory seat belt statute. *See* former TEX.REV.CIV.STAT. art. 6701d, § 107C(j). In addition to making non-use of a seat belt an offense, Section 107C(j) provided that "[u]se or nonuse of a safety belt is not admissible evidence in a civil trial."[2] In other words, the Legislature codified the holding in *Carnation*. As a result, there was no possibility for a tort litigant to raise a seat belt defense in Texas because for nearly two decades the statute continued to prevent admission of seat belt nonuse evidence when it was being offered in an attempt to reduce a defendant's liability. Section 107C(j) was later replaced with Sections 545.412(d) and 545.413(g) of the Texas Transportation Code. Accordingly, notwithstanding the repeal of Sections 545.412(d) and 545.413(g), evidence of non-use is inadmissible because it is an act which precedes the crash-causing negligence and the duty to mitigate damages rises only after those acts which led to the crash.

---

[2] Almost ten years later, in 1994, the Texas Supreme Court limited the statute's application. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132 (Tex. 1994). The plaintiff, Glyn-Jones, in addition to suing the driver of a car that collided with hers, sued Bridgestone/Firestone, Inc., Ford Motor Company, and Champion Motor Sales. The plaintiff alleged products liability and breach of warranty claims, claiming that the seat belt was defective and failed to protect her, which resulted in her being thrown around inside her vehicle, thereby causing further injury. Bridgestone/Firestone argued that Glyn-Jones was barred by Section 107C(j) from admitting evidence that she was wearing a seat belt and therefore she was unable to prove the element of causation. The court refused to interpret Section 107C(j) as precluding the plaintiff from admitting evidence that proved she had used her seat belt. Essentially, the court held that the purpose of the statute was "to make clear that the sole legal sanction for the failure to wear a seat belt is the criminal penalty provided by the statute and that the failure could not be used against the injured person in a civil trial." In other words, the statute did not bar a plaintiff from introducing evidence of seat belt use when the claim revolved around the issue of a seat belt defect.

7

**THE 2003 REPEAL OF STATUTORY BARS**

In 2003, as part of House Bill 4, the Legislature repealed Texas Transportation Code Sections 545.412(d) and 545.413(g) without substituting any language whatsoever. Surprisingly few opinions have addressed the seat-belt defense in light of the legislative amendments. However, there are a handful of cases which we find relevant to our analysis.

In *Idar v. Cooper Tire and Rubber Co.*, No. C-10-217, 2011 WL 2412613 (S.D. Tex. June 6, 2011), the defendant sought to reduce the plaintiff's damages based on non-use of seat restraints. *Id*. at *8. The court noted that, "[e]vidence of seatbelt nonusage is no longer inadmissible under statute." *Id*. at *9 (recognizing the repeal of Sections 545.413(g) and 545.412(d) of the Texas Transportation Code). "On the other hand, the repeal of these sections does not indicate that such evidence is now per se admissible." *Id*. at *9, *citing Trenado*, No. 4:08-CV-00249, Doc. No. 194 at 33, 36. First, the court considered whether the claims for damages should be barred, in whole or in part, under the doctrine of comparative responsibility for the failure to utilize seat belts. *Id*. at *10-11. It recited the Texas comparative responsibility statute which provides that "the Court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility." *Id*. at 10, *citing* TEX.CIV.PRAC.&REM.CODE § 33.012(a). The court continued:

> The Texas Supreme Court has held in cases prior to repeal of the Code's provisions that 'persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seatbelts.'

*Id., citing Carnation*, 516 S.W.2d at 117; *and Bridgestone/Firestone, Inc.*, 878 S.W.2d at 134. It then concluded that the alleged failure to wear a seatbelt, "did not contribute to the automobile accident, and, under current Texas law, they should not have their damages reduced or mitigated

8

because of this failure." *Id.* at 11, *citing Carnation Co.*, 516 S.W.2d at 117; *Ramirez v. Michelin N. Am., Inc.*, No. 5:07-CV-01032-OLG, Doc. No. 199 (W.D. Tex. Feb. 18, 2010)("The current state of the law in Texas is that evidence of a plaintiff's negligence antedating the defendant's wrongful conduct is not admissible to reduce or mitigate the plaintiff's damages."); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex. 1986)(failure to wear available seat belts); *Kerby v. Abilene Christian College*, 503 S.W.2d 526, 528 (Tex. 1973)(driving with an open delivery van door); *Haney Elec. Co. v. Hurst*, 624 S.W.2d 602, 611 (Tex.Civ.App.--Dallas 1981, writ dism'd)(driving with a can of gasoline in the rear of a station wagon); *Block v. Mora*, No. 07-08-0092-CV, 2009 WL 35421 *7 (Tex.App.--Amarillo Jan. 7, 2009, pet. dism'd)(driving with an unsecured tire in the bed of a pickup truck); and *Goldberg v. Dicks*, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.--Tyler February 11, 2004, pet. denied)(riding in an open pickup truck bed).

Secondly, the court considered whether non-usage could mitigate damages, finding that mitigation "does not apply in these circumstances." *Id.* at 11. "The mitigation of damages doctrine requires an injured party to exercise reasonable care to minimize its damages if damages can be avoided with only slight expense and reasonable effort." *Id.*, *citing Cotton v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 708 (Tex.App.--Fort Worth 2006, pet. denied.). Because the plaintiff's non-use of a restraint system was "subsequent negligence" it did not warrant a deduction in recovery based on a failure to mitigate.

### WAS EXCLUSION ERROR?

We now turn to the first prong of our inquiry -- did the trial court abuse its discretion by excluding evidence regarding the non-usage of seat belts? For more than thirty years, Texas law has recognized that the use (or non-use) of a seat-belt does not make a collision more or less

likely and therefore does not constitute contributory negligence. Likewise, the non-use of a seat belt cannot constitute a failure to mitigate damages because the claimant cannot reduce its damages before they occur, and the act of using or not using the seat belt does not intervene between the defendant's negligence and the claimant's damages.

In repealing Sections 545.412 and 545.413, the Legislature had the opportunity to mandate admissibility, but it chose to remain silent on the issue. Therefore, legislative amendments had no bearing on the continuing effect of *Carnation, Kerby, Glyn-Jones*, and their progeny. As an intermediate appellate court, it is not within our province to overturn prior Supreme Court authority. "It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Supreme] Court." *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002); *see also Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554, 565 (Tex.App.--Austin 2004, no pet.)("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute.").

We have been advised of comments by State Representative Joe Nixon concerning the amendment:

> HB4 now allows the jury to know whether or not a plaintiff who is suing because of the injuries sustained in an automobile accident was wearing a seat belt at the time of the accident. Unbelievably, prior to 2003, Texas law prohibited admission of evidence that the Plaintiff was partially at fault for their own damages for failure to wear their seatbelt, despite the fact that state law required every passenger to wear a seat belt. Now, common sense prevails, and the jury is given additional legitimate and relevant information on which to base its verdict.

10

*See* Joseph M. Nixon, *The Purpose, History and Five Year Effect of Recent Lawsuit Reform in Texas,* TEXAS STATE BAR LITIGATION SECTION REPORT, THE ADVOCATE 9, 17 (Fall 2008).

This is merely one legislator's opinion and is not evidence of legislative intent. "Explanations produced, after the fact, by individual legislators are not statutory history, and can provide little guidance as to what the legislature collectively intended." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 444 (Tex. 2009), *quoting In Re Doe*, 19 S.W.3d 346, 352 (Tex. 2000). It is not proper for the courts to read into the statute something that was not spelled out clearly by the Legislature. *See Smith v. State*, 5 S.W.3d 673, 679 (Tex.Crim.App. 1999), *citing Coit v. State*, 808 S.W.2d 473, 475 (Tex.Crim.App. 1991). Absent a specific legislative mandate affirmatively authorizing the admission of such evidence, or legislative history specifically advising the courts of appeals in Texas that long established court precedent is being overruled, the courts should not guess at the Legislature's intent. *See Smith v. State*, 5 S.W.3d 673, 678 (Tex.Crim.App. 1999). We find no error in exclusion of the evidence. We overrule the sole issue for review and affirm the judgment of the trial court below.

January 30, 2013

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior), sitting by assignment

## **CONCURRING OPINION**

I wholly agree with Chief Justice McClure, and write separately only to point out the *Potemkin* nature of the "expert testimony" offered here and that courts must recognize the

fundamental *non sequitor* that risk or probability is a predictive tool, and you cannot predict the past based on risk or probability.

January 30, 2013            _____

                          DAVID WELLINGTON CHEW, Chief Justice, Senior