# IN THE SUPREME COURT OF TEXAS

═════════════

No. 13-0126

═════════════

NABORS WELL SERVICES, LTD. AND JOE FUENTES, PETITIONERS,

v.

ARMANDO LOERA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF
JOSEFINA LOERA, JOINED BY MORAYMA LOERA, RESPONDENTS

═══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════

**PER CURIAM**

This case arises from a collision between a Nabors Well Services, Ltd. tractor-trailer and a pickup truck occupied by driver Morayma Loera and his parents, Josefina and Armando Loera. Morayma attempted to pass two Nabors tractor-trailers, which had begun slowing to make a left turn, and collided with the lead tractor-trailer as it began to turn.

The trial court admitted evidence that the Loeras were not using seat belts. The jury found Nabors's driver 50% at fault for causing or contributing to cause the "occurrence or injury," Nabors 10% at fault, and Morayma 40% at fault. The jury also was asked two questions regarding the Loeras' failure to use seat belts. First: "Was the non-use of a seat belt by any of the persons named below [Morayma, Josefina, and Armando] negligent and a proximate cause of the injuries, if any?" The jury answered "Yes" as to each of the Loeras. Based on that answer, the jury was instructed:

"For each person you found negligently caused or contributed to cause the injury due to non-use of a seatbelt, find the percentage of responsibility, if any, attributable to each for such non-use." The jury answered "100%" as to each of the Loeras. Although the jury awarded the Loeras approximately $450,000 in damages, the trial court entered a take-nothing judgment presumably based on the jury's answers to the seat-belt questions.

The Loeras raised several issues on appeal, but the court of appeals found dispositive the Loeras' argument that the trial court improperly admitted evidence of nonuse of seat belts. *Loera v. Fuentes*, 408 S.W.3d 46, 48–49 (Tex. App.—El Paso 2013). In reaching its decision, the court of appeals applied this Court's precedent in *Carnation v. Wong*, which held that "persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts." 516 S.W.2d 116, 117 (Tex. 1974). The court of appeals concluded admission of evidence of nonuse of seat belts was harmful error and remanded the case for a new trial. *Loera*, 408 S.W.3d at 54. Nabors petitioned this Court for review.

While Nabors's petition for review in this case was pending, we decided *Nabors Well Services, Ltd. v. Romero*, ___ S.W.3d ___ (Tex. 2015), in which we overruled *Carnation* and held relevant evidence of use or nonuse of seat belts is admissible for the purpose of apportioning responsibility in civil lawsuits. We made that decision in light of the Legislature's repeal of its statutory ban on all seat-belt evidence and the current framework of our proportionate-responsibility scheme, which "requires fact-finders to consider relevant evidence of a plaintiff's pre-occurrence, injury-causing conduct." *Romero*, ___ S.W.3d at ___. We further observed that "[t]here is nothing

2

about injury-causing conduct that renders it incompatible with being considered alongside occurrence-causing conduct in one responsibility apportionment for the harm suffered by the plaintiff." *Id.* at \_\_\_. Accordingly, "there is no need . . . to deviate from a single apportionment question." *Id.* at \_\_\_.

We conclude this case should be remanded to the court of appeals for reconsideration in light of *Romero*. Accordingly, we grant the petition for review and, without hearing oral argument, vacate the judgment of the court of appeals and remand the case to that court for further proceedings. TEX. R. APP. P. 59.1, 60.2(f).

OPINION DELIVERED: March 20, 2015